**In re WARE SPACES, INC., Debtor.**

**Bankruptcy No. 80–00224.**

United States Bankruptcy Court,
D. Hawaii.

July 9, 1980.

Hiroshi Sakai, Honolulu, Hawaii, for debtor.

Keith J. Steiner, Honolulu, Hawaii, for Rainbow.

Nicholas C. Dreher, Honolulu, Hawaii, for Hon. Fed. Sv.

Mervyn W. Lee, Honolulu, Hawaii, for 1st Circuit Court.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

The Motion of Rainbow Finance Corporation for an Order to Dismiss the Petition of Ware Spaces, Inc. was filed May 2, 1980. A hearing was held on May 20, 1980 at which time Rainbow Finance Corporation was represented by Keith J. Steiner and the Debtor was represented by Hiroshi Sakai. The Court, having considered the memoranda

and records filed herein and the arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Rainbow Finance Corporation, hereafter "Rainbow", is a Hawaii corporation regulated as an Industrial Loan Corporation under Chapter 418, Hawaii Revised Statutes.

2. Honolulu Federal Savings and Loan Association, hereafter "Honfed", is insured by the F.S.L.I.C. and has its principal place of business in Honolulu, Hawaii.

3. Hirotoshi Yamamoto & Associates, hereafter "Yamamoto", is a Hawaii limited partnership.

4. Ware Spaces, Inc., hereafter "Debtor", is a Hawaii corporation which filed an original Petition under Chapter 11 on April 24, 1980.

5. The only asset of the Debtor is 89,857 square feet of fee simple Land Court title property located at 876 Curtis and 650 Kawaiahae Streets, Honolulu, Hawaii, Tax Map Key First Division TMK 2–1–47: 2, Kakaako Industrial Area.

6. Said property is subject to three existing mortgages: a first mortgage in favor of Honfed, a second mortgage in favor of Rainbow, and a third mortgage in favor of Yamamoto.

7. The property is subject also to a lease in favor of Ault Supply Co., Inc. which is presently held by Brian Cook, the termination date of which has been extended to September 15, 1982.

8. Debtor has agreed to purchase the lease in favor of Brian Cook under a Deposit Receipt, Offer and Acceptance dated May 16, 1980 with a closing set for May 31, 1980.

9. There has been a previous offer in the First Circuit Court to purchase the property at $3,300,000.00, and the total outstanding debt including interest is estimated at $2,383,421.00.

10. An appraisal prepared by Hastings, Martin, Hallstrom, and Chew, Ltd. on February 14, 1980 sets the value of the property at some $4,500,000.00, if the Ault Supply Co., Inc. lease is removed.

11. At such time that the arrearages have been cleared the first mortgage payment will be reduced from 18% to 10¾% thereby reducing the monthly payments to Honfed and the monthly payments will be as follows:

a. Honolulu Federal Savings and Loan Association   $16,777.77
b. Rainbow Finance Corporation   4,500.00

        Total   $21,277.77

12. The lease rent provided for by the new leasing agreement being negotiated will be some $32,000.00 a month which will adequately service the $21,277.77 monthly payment.

### CONCLUSIONS OF LAW

1. The Debtor in Possession properly filed a voluntary petition for a Chapter 11 Reorganization pursuant to 11 U.S.C. §§ 103(a), 301 (1978). Section 103(a) provides that:

> Except as provided in section 1611 of this title, Chapters 1, 3, and 5 of this title apply in a case under Chapters 7, 11, or 13 of this title.

Section 301 provides that:

> A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

2. Section 362(a)(2) of the Reform Act provides an automatic stay of the enforcement against the Debtor in possession of a judgment obtained before the commencement of the case under the Reform Act. 2 Collier on Bankruptcy ¶ 362.04[2] (15th ed.). Section 362 provides that:

> (a) except as provided in Subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title operates as a stay, applicable to all entities, of

> .    .    .    .    .

> (2) the enforcement, against the debtor or against property of the estate, of a

judgment obtained before the commencement of the case under this title.

3. The Motion of Rainbow for an Order to Dismiss Petition of Ware Spaces, Inc., did not comply with the provisions for lifting a stay as set forth in Section 362(d)(1) of the Reform Act. Section 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

Debtor has shown sufficient evidence of adequate protection for Rainbow at this time. Since the total liability amounts to approximately $2,383,421.00 and there was an offer to purchase at the foreclosure sale for $3,300,000.00, Rainbow is adequately protected for the time being.

4. The Creditor has not complied with 11 U.S.C. § 362(e), which states:

Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section.

5. The Creditor has not met its burden of proof on the issue of the Debtor's equity in the property in failing to show that there is insufficient equity to service the debt and obligations of the creditors. 11 U.S.C. § 362(g)(1). The Debtor has met its burden of proof in showing that it will be able to bring all payments current including the payment of its costs and expenses. 11 U.S.C. § 362(g)(2).

6. The Creditor has failed to meet the requirements as set forth in 11 U.S.C. § 1112(b), which states:

Except as provided in subsection (c) of this section, on request of a party in

interest, and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title or may dismiss a case under this chapter, [which] is in the best interest of creditors and the estate, for cause including—

(1) Continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

7. The instant case should not be dismissed because dismissal is not in the best interest of the creditors and the estate. There is cause to find a reasonable likelihood of rehabilitation. The fact that the Debtor is incurring additional amounts of interest and penalties for each day of delay of payment is not the sole consideration. The closing on the lease arrangement and the purchase of the Kenault lease are expected in the very near future and will be in the best interest of the creditors and the Debtor. Since there is a likelihood of rehabilitation, dismissal is unwarranted at this time.

8. Likewise, Rainbow has failed to show a basis and reliance on those grounds for dismissal as provided in Rule 10–308(a). Thus, there is no ground for dismissal based on Rule 10–308.

9. Contrary to the assertions of Rainbow, the Debtor has used forms that substantially comply with the rules. The voluntary petition filed pursuant to Chapter 11 contained the addresses and names of creditors as an exhibit and was sufficient under the Reform Act.

■ 10. Title 11 cases are equitable in nature. *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Securities & Exchange Comm'n v. United States Realty & Improvement Co.*, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940). The court may contrive new remedies where remedies at law are inadequate. *See* e. g., *In re Evergreen Memorial Park Ass'n*, 308 F.2d 65 (3d Cir. 1962); *In re Gunning*, 124 F.2d 7 (9th Cir. 1941).

11. Section 105 of the Reform Act authorizes the Court to issue

any order, process . . . that is necessary or appropriate to carry out the provisions of this title.

12. This court will continue the hearing on this case and not dismiss the petition, pursuant to the equity powers of the court. 28 U.S.C. § 1481 (1978). The Court finds that the security interests of the creditors are not being impaired in view of the substantial amount of equity in the subject property. The Debtor is evidencing good faith and actual progress to propose to pay the arrearages and taking the necessary steps to form a plan. The additional time requested by the Debtor is to finalize the leasing arrangement which will cure the cash-short position of the Debtor and is a reasonable request under the circumstances.

13. The Motion to Dismiss is therefore denied at this time and the Debtor will be given such time as is provided by law to finalize the leasing arrangements and to submit the necessary plans, schedules and Statement of Affairs for submission to this Court.