## In re WASHINGTON–ST. TAMMANY ELECTRIC COOPERATIVE, INC., Debtor.

### Civ. A. Nos. 88–4041, 88–4285 and 88–4393.

United States District Court, E.D. Louisiana.

March 7, 1989.

## MEMORANDUM AND ORDER

SEAR, District Judge.

This action is an appeal from an order of the United States Bankruptcy Court pursuant to 28 U.S.C. Sec. 158(a). It concerns an Order entered on August 12, 1988 by the bankruptcy judge extending the exclusivity period for Washington–St. Tammany Electric Cooperative, Inc. ("WST"), debtor in a Chapter 11 case, to obtain acceptance of its plan for reorganization. Three parties appealed the bankruptcy judge's ruling: the United States Rural Electification Administration ("REA"), the National Rural Cooperative Finance Corporation ("CFC"), and Cajun Electric Power Cooperative, Inc. ("Cajun"). These appeals were consolidated.

On July 17, 1987, WST filed a chapter 11 petition. WST continues to operate its business and manage its property as a debtor in possession under sections 1107 and 1108 of the bankruptcy code, 11 U.S.C. Secs. 1107, 1108.

Section 1121(b) of the bankruptcy code gives the debtor the exclusive right to file a plan of reorganization for a period of 120 days after the commencement of its chapter 11 case and the exclusive right to obtain acceptances of its plan for 180 days after the commencement of the case. 11 U.S.C. Sec. 1121(b). After the initial 120–day and 180–day exclusive periods, which run concurrently, any party in interest may file and obtain acceptances of a plan. 11 U.S. C. Sec. 1121(c). Upon the request of a party in interest, however, the bankruptcy judge may, for cause, increase or decrease either or both exclusive periods. 11 U.S.C. Sec. 1121(d).

On November 4, 1987, WST requested a ninety-day extension to February 12, 1988 of its exclusive period to file a plan of reorganization, and a 120–day extension to May 12, 1988 of its exclusive period to obtain plan acceptances. CFC and the REA each filed timely objections to the debtor's motion. On December 14, 1987 the bankruptcy judge granted the debtor's request.

On January 20, 1988, the debtor filed a second motion, requesting an extension to April 1, 1988 of the exclusive period to file a plan, and an extension to July 1, 1988 of the exclusive period to obtain plan acceptances. CFC, the REA, and Cajun each filed objections to that motion. On February 10, 1988, the bankruptcy judge granted the debtor's second motion.

On March 8, 1988, the debtor filed a motion to reject its wholesale power contract with Cajun. CFC, the REA, and Cajun objected on numerous grounds.

On April 1, 1988, the last day of its plan exclusive period, the debtor filed a reorganization plan and a disclosure statement.

On April 26, 1988, the debtor filed a third motion to extend its exclusive period to obtain acceptances of its plan. This time to September 1, 1988. CFC and the REA each filed timely objections to this motion. Cajun also objected and filed a motion to terminate the debtor's exclusive period.

On May 18, 1988, a hearing was held on the objections to the disclosure statement filed by CFC, the REA and Cajun. Then,

on June 3, 1988, the debtor filed an amended plan and an amended disclosure statement to comply with the objections of the creditors. The bankruptcy judge approved the amended disclosure statement on July 20, 1988. The amended plan assumes rejection of the Cajun contract and entry into a new, yet to be determined power contract at a lower overall rate.

On August 12, 1988, the bankruptcy judge entered findings of fact, conclusions of law and a *sua sponte* order extending the debtor's exclusive right to obtain acceptances of its plan until either (a) forty-five days after the grant of the debtor's motion to reject the Cajun Contract or (b) the date on which the debtor's motion to reject the Cajun Contract is denied.

That order is the subject of this appeal.

On February 1, 1989, I granted Cajun's motion to withdraw from the bankruptcy judge the automatic reference of WST's motion to reject the Cajun Contract. The hearing on the motion to reject is set for July 10, 1989.

The extensions of the exclusivity periods granted by the bankruptcy judge are based on 11 U.S.C. Sec. 1121(d) which provides:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180–day period referred to in this section.

■ The debtor bears the burden of establishing "cause" for an extension of its exclusive period. *In re Lake in the Woods*, 10 B.R. 338 (Bankr.E.D.Mich.1981); *In re Ravenna Industries, Inc.*, 20 B.R. 886 (Bankr.N.D.Ohio 1982); *In re American Federation Television and Radio Artists*, 30 B.R. 772 (Bankr.S.D.N.Y.1983). Here, the debtor's motion sought an extension solely because the Cajun Contract rejection issues had not yet been determined.

■ The bankruptcy judge found, however, that the debtor had established "cause" necessary to justify an extension because the case is large and complex in that the number of creditors is significant and assets and liabilities are in the millions of dollars. The bankruptcy judge also found that the debtor was diligent in attempting to file a plan and disclosure statement and that any delay was attributable to the other parties in the case or the court's heavy docket, and not to the debtor. Further, the bankruptcy judge found that there are ongoing negotiations central to the debtor's chances for reorganization. Appellants raise strong arguments tending to contradict each of these factual findings.

"The decision of whether or not to extend the debtor's period of exclusivity rests with the discretion of the Court." *In re Sharon Steel Corp.*, 78 B.R. 762, 763 (Bankr.W.D.Pa.1987); *see also In re Tony Downs Foods Co.*, 34 B.R. 405 (Bankr.D. Minn.1983). "It is well settled that decisions made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or abuse of discussion." *In re Ken Boatman, Inc.*, 359 F.Supp. 1062, 1063 (W.D.La.1973), *aff'd* 504 F.2d 924 (5th Cir.1974). Bankruptcy Rule 8013, modeled on Rule 52 of the Federal Rules of Civil Procedure, incorporates the principle that "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous …".

The legislative history to section 1121 provides insight to its meaning. The history in fact provides that "cause might include an unusually large or unusually small case, delay by the debtor or recalcitrance among creditors". However, it also tells us that "since the debtor has an exclusive privilege for 6 months during which others may not file a plan, the granted extension should be based on *a showing of some promise of probable success* (emphasis added)." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 406 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 118 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5904.

Furthermore, where previous extensions have been allowed, a showing of size and complexity must be accompanied by factors such as the likelihood of agreement on a consensual plan if the debtor remains in

control, the absence of alternative creditor plans which cannot be filed because of the debtor's exclusive right to propose and confirm a plan, and a showing that the debtor is not using exclusivity to force on its creditors its view of an appropriate plan. *In re Public Service Co. of New Hampshire,* 17 B.C.D. 1302, 88 B.R. 521 (D.N.H.1988).

Congress enacted 11 U.S.C. Sec. 1121 in order to limit the debtor's exclusive rights to file a plan to clearly defined periods. *In re Jasik,* 727 F.2d 1379, 1382 (5th Cir.), *reh'g denied,* 731 F.2d 888 (1984) (Under the former Bankruptcy Act, Congress gave a debtor an unlimited exclusive right to file a plan of reorganization). "[T]he bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI". *In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363, 372 (5th Cir.1987) (*en banc*), *aff'd* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

The Fifth Circuit has expressed the proper construction of 11 U.S.C. Sec. 1121(d):

In the case of most Chapter 11 debtors, however, a plan of reorganization can be effectuated, if at all, within a matter of months, not years....

Finally, we note that Congress, in 1978, expressly recognized the problems faced by creditors of a debtor who unreasonably delays proposing a plan of reorganization. In Sec. 1121 of the Bankruptcy Code, Congress gave the debtor a period of 120 days, after the commencement of the Chapter 11 case, during which the debtor has the exclusive right to file a plan of reorganization. Thereafter, if the debtor has not filed a plan, any party in interest, including any creditor, may file a plan. The 120–day period may be reduced or increased for cause, on request of a party in interest, after notice and a hearing.

The limited exclusivity period which is a feature of Chapter 11 proceedings under the Bankruptcy Code contrasts with the procedure under Chapter XI of the Bankruptcy Act which gave the debtor the exclusive right, throughout the Chapter XI proceedings, to propose a plan.

The House Report accompanying H.R. 8200 noted that "[t]he exclusive right [under old Chapter XI] gives the debtor undue bargaining leverage, because by delay he can force a settlement out of otherwise unwilling creditors." *House Report, supra,* at 231, U.S. Code Cong. & Admin.News 1978, p. 6191. Additionally, Sec. 1121 represents a congressional acknowledgement that creditors, whose money is invested in the enterprise no less than the debtor's, have a right to a say in the future of that enterprise....

[W]e think that any bankruptcy court involved in an assessment of whether "cause" exists should be mindful of the legislative goal behind Sec. 1121. The bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI. Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors.

*In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d at 372.

The bankruptcy judge extended the 180–day period well beyond the period requested by the debtor and well beyond any allowable period contemplated by Congress. The judge was not "mindful of the legislative goal behind Sec. 1121". The effect of his extension was to extend the period indefinitely. The statutory scheme provides that a debtor be given the exclusive right for 60 days from the filing of a plan to obtain acceptances of its plan. WST's plan, after two extensions of the 120–day period, was filed on April 1, 1988.

The hearing on the motion to reject was not set until March of 1989. If WST were given 45 days after the ruling on that motion in which to obtain acceptances, the intended 60 day period between filing and obtaining acceptances of the plan would have been extended to more than one year. That motion to reject was withdrawn from the bankruptcy court and a hearing date of July 10, 1989 has been assigned because the parties will not be ready to present their various sides of the motion until that

time. If the bankruptcy judges's ruling were allowed to stand, the exclusivity period would be extended approximately 16 months.

Moreover, the bankruptcy judge's ruling would give the debtor an enormous advantage over its creditors who, as the Fifth Circuit pointed out, "have a right to a say in the future of [the debtor's] enterprise". *See In re Timbers,* 808 F.2d at 372. The decision on this motion will effectively determine the terms of an acceptable reorganization plan. The bankruptcy judge and the debtor should not be able to "short circuit the requirements of Chapter 11 for confirmation of a reorganization plan" in this fashion. *See In re Braniff Airways, Inc.,* 700 F.2d 935 (5th Cir.1983) (The court is without authority under the bankruptcy code to approve a transaction which had the practical effect of dictating some of the terms of any future reorganization plan because this would allow the bankruptcy judge and the debtor to "short circuit the requirements of Chapter 11 for confirmation of a reorganization plan by establishing the terms of the plan *sub rosa* in connection with a sale of assets".)

For these reasons, I find that the bankruptcy judge has abused his discretion in extending the debtor's 180–day exclusivity period for obtaining acceptances for its plan.

Accordingly,

IT IS ORDERED that the bankruptcy judge's order of August 12, 1988 is set aside.

IT IS FURTHER ORDERED that the debtor's 180–day exclusivity period is hereby terminated.