**In re GIBSON & CUSHMAN DREDG-ING CORP. (Two Cases).**

**Nos. CV 88–3613, CV 89–0740.**

United States District Court, E.D. New York.

June 16, 1989.

---

**406**

Harvis & Zeichner, New York City, for debtor.

Phillip R. Mann, New York City, for Creditors' Committee.

Robert Herzog, New York City, for claimant DiIorio.

John Esposito, Garden City, N.Y., trustee.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced cases the creditors' committee appeals orders of the United States Bankruptcy Court for the Eastern District of New York (Goetz, J.) extending the time period in which the debtor Gibson & Cushman Dredging Corp. ("Gibson" or the "Debtor") enjoys the exclusive right to file a plan of reorganization (the

"exclusivity period"). Arguing that the orders appealed from are either non-final or non-appealable interlocutory orders, the Debtor challenges this Court's jurisdiction to decide these appeals. In the event that this Court reaches the merits of the appeals, the Debtor argues in favor of affirmance. Because these cases are addressed to the same issue, the Court will consolidate the cases. Since the time period referred to in the case filed under docket number CV 88–3613 has expired, the Court will, for practical reasons, consider only the extension granted in the case filed under docket number CV 89–0740. Accordingly, for the balance of this opinion, the Court will refer to the orders appealed from in the singular.

For the reasons set forth below, the Court holds that in the ordinary case a decision extending the exclusivity period is not a final appealable order within the meaning of 28 U.S.C. § 158. Where, as here, however, the Bankruptcy Court has granted successive motions that have the effect of extending the period in which the Debtor may file a plan to over one and one half years after the filing of the petition, the Court holds that a review of the merits of the appeal is warranted. Considering the merits, the Court denies the appeal. The Court notes, however, that infinite extensions of the exclusivity period are not envisioned by the Bankruptcy Code and, absent a showing of substantial progress on the Debtor's part, are not likely to be affirmed by this Court in the future.

### I. Background: Proceedings in the Bankruptcy Court

#### A. The Filing of the Petition and Assertion of Claims

On February 26, 1988 Gibson filed a voluntary petition in bankruptcy under Chapter 11. The record reveals that the filing of the petition was prompted by Gibson's desire to maintain its business while challenging the validity of a $2.5 million dollar state tort judgment rendered against the Debtor in favor of Joseph P. DiIorio (the "DiIorio Judgment"). According to Gibson, the DiIorio Judgment will likely be

reversed by the state appellate court because, *inter alia,* it was fraudulently obtained.

In addition to the DiIorio Judgment, two major claims have been noticed against the Debtor's estate. One claim alleges breach of contract and seeks approximately $600,-000 in damages. The final major claim seeks to hold Gibson liable in the amount of two million dollars for personal injuries allegedly suffered by a plaintiff other than DiIorio. Gibson has noted its objection to each of the claims and, to date, no final decision has been reached as to the merits of any of the claims.

### B. *Rulings as to the Exclusivity Period*

11 U.S.C. § 1121 ("Section 1121") sets forth the identity of the parties who are permitted to file a plan of reorganization. Although the statute extends the right to file a plan to any "party in interest," the debtor is given the exclusive right to file a plan within 120 days of the filing of the petition. *See* 11 U.S.C. § 1121(b). The debtor is then granted 180 days in which to obtain acceptance of the plan. The 120 and 180 day periods run concurrently.

As noted above, the time period referred to in Section 1121 is referred to as the debtor's "period of exclusivity." Section 1121 grants the Bankruptcy Court discretion, upon the request of a party in interest and a finding of "cause," to reduce or increase the debtor's period of exclusivity. 11 U.S.C. § 1121(d).

Here, upon the request of the Debtor, the Bankruptcy Court extended Gibson's period of exclusivity on three separate occasions. Although the Bankruptcy Court denied Gibson's request for an extension of the exclusivity period to sixty days following the state court's determination of the *DiIorio* appeal, limited extensions have been granted. The last appealed ruling of the Bankruptcy Court, as reflected in the case filed under docket number CV 89–0740, extends the debtor's opportunity to file a plan to and including September 12, 1989 and extends the period for acceptance of the plan to and including December 12,

1989. Thus, the Bankruptcy Court has extended the Debtor's exclusivity period to a date that is more than one and one half years after the filing of the petition.

### II. *Appealability*

As a threshold matter, this Court must decide whether jurisdiction exists to decide the pending appeal. Pursuant to 28 U.S.C. § 158(a) this Court has jurisdiction to hear appeals from decisions of bankruptcy courts. While leave of Court is not required where the order appealed from is final, such leave is necessary if the order appealed from is interlocutory. 28 U.S.C. § 158(a). Although the creditors' committee has characterized this case as an appeal from a final order of the bankruptcy court, that characterization has been challenged by the Debtor. Thus, this Court's initial inquiry must be aimed at determining whether the order appealed from is final or interlocutory.

In the realm of bankruptcy law, the term "final order or judgment" is given a somewhat more expansive interpretation than in the ordinary civil case. *See Bowers v. Connecticut National Bank,* 847 F.2d 1019, 1022 (2d Cir.1988); *In re Leibinger–Roberts, Inc.,* 92 B.R. 570, 572 (E.D.N.Y. 1988). While a final order in the ordinary case is characterized as an order that "ends the litigation and leaves nothing for the court to do but execute the judgment," *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), a final order in a bankruptcy case is one that finally resolves a "particular proceeding or controversy within the entire bankruptcy proceeding," *In re Chateaugay,* 80 B.R. 279, 282–83 (S.D.N.Y.1987), or an order that "conclusively determines a separable dispute over a creditor's claim or priority." *In re Beker Industries Corp.,* 89 B.R. 336, 340 (S.D.N.Y.1988) (quoting *In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir. 1987)); *see also Maiorino v. Branford Savings Bank,* 691 F.2d 89, 93 (2d Cir.1982) (single bankruptcy may involve several "final" decisions).

In the leading case discussing finality, the court held as final an order determining

**408**

a claim's entitlement to priority because such an order "conclusively determines a separable dispute over a creditor's claim or priority". *See In re Saco Local·Development Corp.*, 711 F.2d 441, 445–46 (1st Cir. 1983) (hereinafter *"Saco"*). Applying this same standard, other courts have characterized as final an order selling the property of an estate, *see In re Exennium, Inc.*, 715 F.2d 1401, 1402–03 (9th Cir.1983), an order disallowing a homestead exemption, *see In re White*, 727 F.2d 884, 885–86 (9th Cir.1984) and an order denying reclaimation on the grounds that the party had no interest in the property, *see In re Bestmann*, 720 F.2d 484, 485–86 (8th Cir.1983).

On the other hand, courts have held as non-final orders that, in the court's view, do not resolve a particular dispute within the overall bankruptcy estate. Applying the same standard referred to in *Saco* it has, for example, been held that an order that denies a request to appoint an official committee for shareholders is not a final order. *See In re Johns–Manville Corp.*, 824 F.2d 176, 179–80 (2d Cir.1987).

■ A relaxed finality rule is applied in bankruptcy cases because it is believed that application of a strict finality concept would seriously delay the adjudication of individual claims without advancing the final resolution of the entire bankruptcy proceeding. *In re Johns–Manville Corp.*, 824 F.2d at 180. Thus, it has been held that an order that does not directly affect the disposition of an estate's assets and neither determines the outcome of the proceeding nor irrevocably decides a dispositive issue of law or the rights of any party is not a final order. *In re Leibinger–Roberts, Inc.*, 92 B.R. 570, 572–73 (E.D.N.Y.1988).

■ Applying these principles here leads the Court to conclude that an initial order extending the exclusivity period is not a final order that is appealable as of right. The order merely extends the time in which the debtor may file a plan. It does not accept the plan nor foreclose the right of any party to contest that plan. Thus, such an order does not finally dispose of an estate's assets nor does it finally and irrevocably decide the rights of any party to the bankruptcy.

The Court recognizes that other District Courts, within and outside of this circuit, have decided appeals from orders ruling on changes in the exclusivity period. The Court notes, however, that the appealability question does not appear to have been presented to those courts. The Court further notes that the only other court to rule directly on this issue is in accord with the holding of this Court. *See First American Bank of New York v. Century Glove, Inc.*, 64 B.R. 958 (D.Delaware 1986). There, the Court was faced with the question of whether a second extension of the exclusivity period constituted a final order. Finding, as this Court has, that such an order does not foreclose, but merely postpones, the creditor's right to propose a plan, the Court declined to hold that the order was final. *Id.* at 960.

■ Having held that the order appealed from is not a final order, this Court must decide whether leave should be granted to appeal. Procedurally, such an inquiry is appropriate because Rule 8003 of the Bankruptcy Rules allows this Court to treat the notice of appeal as a motion for leave to appeal. *See* Bankr.R. 8002(c).

When determining whether leave to appeal an interlocutory order should be granted the Court considers, by anology, the criteria set forth in 28 U.S.C. § 1292(b). *See In re Johns–Manville Corp.*, 47 B.R. 957, 960–61 (S.D.N.Y.1985). Under that statute leave to appeal is properly granted when the order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b).

Although the Court is aware that a contrary result was reached in a similar case, *see First American Bank of New York*, 64 B.R. at 966–68, the Court holds that it is appropriate, in this case, to reach the merits of the present appeal. The Bankruptcy Court has extended the Debtor's exclusivity period to more than one and one half

years after the filing of the petition. Although that Court has refused to sign an order extending the exclusivity period until the termination of the state court litigation against the Debtor, it appears that interim extensions may be granted that will have the same practical effect. In the meantime, a review of the record reveals that while progress has been made, the Debtor has not yet proposed a plan that is acceptable to the creditors. It thus appears to the Court that review of the exclusivity issue at a time when the bankruptcy proceeding is more than one and one half years old will not foster piecemeal litigation and may result in a speedier termination of the proceeding. Under these circumstances, and in light of the relaxed appealability standard that is applied in bankruptcy cases, the Court holds that review of the merits is appropriate.

## III. *The Merits*

■ As noted above, Section 1121 allows the Bankruptcy Court to alter the exclusivity period where "cause" is shown. *See* 11 U.S.C. § 1121(d). The party seeking the change in the statutory time period bears the burden of establishing that the requisite cause exists. *See In re Washington–St. Tammany Electric Cooperative, Inc.,* 97 B.R. 852, 854 (E.D.La.1989) (hereinafter "WST"); *In re Texaco Inc.,* 76 B.R. 322, 326 (Bankr.S.D.N.Y.1987). The decision of whether or not to grant a request to extend or shorten the exclusivity period lies within the sound discretion of the Bankruptcy Judge. *WST,* 97 B.R. at 854; *In re Sharon Steel Corp.,* 78 B.R. 762, 763 (Bankr.W.D.Pa.1987). Accordingly, an order altering the exclusivity period will not be set aside absent an abuse of discretion. *WST,* 97 B.R. at 854. In addition, the findings upon which the Bankruptcy Court's decision rest must be upheld unless found by this Court to be clearly erroneous. Bankruptcy Rule 8013; *see* 71 B.R. at 299; 10 B.R. at 342–43.

The "cause" standard referred to in Section 1121 has been referred to as a general standard that allows the Bankruptcy Court "maximum flexibility to suit various types of reorganization proceedings." *In re*

*Public Service Company of New Hampshire,* 88 B.R. 521, 534 (Bankr.D.New Hampshire 1988). When determining whether cause exists, courts have been guided by the legislative history surrounding the enactment of Section 1121 and by a comparison of Section 1121 to prior practice under the bankruptcy law.

Referring to the House Report to the 1978 Bankruptcy Act (the "House Report"), Courts note that "cause" may be found if there is "an unusually large or unusually small case, delay by the debtor or recalcitrance among creditors." *In re Perkins,* 71 B.R. 294, 297 (W.D.Tenn.1987) (quoting House Report, H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 406 (1977), U.S. Code Cong. & Admin.News, 1978 pp. 5787, 6362. *See also WST,* 97 B.R. at 854. Courts have also relied on the Senate Report to the 1978 Bankruptcy Act, stating that a finding of cause should be premised upon "some promise of probable success" and an extension "should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory." S.Rep. No. 95–989, 95th Cong.2d Sess. 118 (1978), U.S. Code Cong. & Admin.News 1978 p. 5904. *See also WST,* 97 B.R. at 854; *In re Texaco,* 76 B.R. at 326; *In re Perkins,* 71 B.R. at 297.

■ Finally, a Court considering an alteration of the exclusivity period must consider the general reason for the enactment of Section 1121. Prior to the enactment of Section 1121 a debtor enjoyed the exclusive right to propose a plan of reorganization throughout the bankruptcy proceeding. Section 1121 was passed to place limits on the debtor's exclusive right to propose a plan and in recognition of the creditor's stake in the debtor's business. *See WST,* 97 B.R. at 855; *In re Texaco,* 76 B.R. at 325–26. Thus, the present Section 1121 seeks to cure the prior practice that gave debtors "undue barganining leverage" to delay and thereby "force a settlement out of otherwise unwilling creditors." *WST,* 97 B.R. at 855 (quoting House Report, U.S. Code Cong. & Admin.News 1978 p. 6191). Taking such considerations into account, it

has been held that courts considering extensions of the exclusivity period must "avoid reinstituting the imbalance between the debtors and its creditors that characterized proceedings" under prior law. *In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 372 (5th Cir.1987) (en banc), *aff'd*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *see also In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 450 (Bankr.W.D.Tex.1987) (hereinafter *"Southwest Oil"*).

Although it has been held that the pendency of an appeal from an adverse judgment does not constitute cause for extending the exclusivity period, *see In re American Federation of Television and Radio Artists*, 30 B.R. 772, 774 (Bankr.S.D.N.Y. 1983) (hereinafter *"AFTRA"*), a pending appeal, along with the consideration of other factors, may lead to a finding of cause for extending the exclusivity period, *see In re United Press Internat'l, Inc.*, 60 B.R. 265, 270 (Bankr.D.Colo.1986) (hereinafter *"UPI"*). For example, in *UPI*, the Court held that an extension of the exclusivity period was warranted where the debtor needed additional time to settle an "avalanche" of appeals and adversary proceedings. There, the extension was granted because, in addition to the appeals, the Court found that the debtor acted with diligence throughout the proceedings and proposed a plan within a year of filing the petition.

On the other hand, *In re Lake in the Woods*, 10 B.R. 338 (E.D.Mich.1981), presented a situation where the pendency of a dispute between the parties did not warrant an extension of the exclusivity period. There, the Bankruptcy Court extended the exclusivity period until the time when it would rule on a dispute between the debtor and creditor over title to a particular parcel of real estate. In the meantime, the debtor refused to file a plan of reorganization unless the creditor conceded to the debtor's position on the title issue. Finding that a debtor may not use extensions of the exclusivity period to delay reorganization, the District Court reversed the order of the Bankruptcy Court. Concluding, the District Court held that exten-

sions of the exclusivity period are "impermissible if they are for the purpose of allowing the debtor to prolong reorganization while pressuring a creditor to accede to its point of view on an issue in dispute." *In re Lake in the Woods*, 10 B.R. at 345–46.

Where pending litigation is an issue Courts often consider the debtor's financial position. If the debtor's assets are likely to be depleted during the requested extension, it is unlikely that an extension will be granted. Thus, for example, in *Southwest Oil*, the Court declined to grant the debtor's request for an extension of the exclusivity period where the debtor's financial position deteriorated during the initial 120 day period and was likely to continue to deteriorate. *Southwest Oil*, 84 B.R. at 453. *See also In re Ravenna Industries, Inc.*, 20 B.R. 886, 890 (Bankr.N.D.Ohio 1982) (ninth extension of exclusive period denied where debtor's cash position was deteriorating).

When the above-referenced principles are applied here, the Court concludes that the Bankruptcy Court did not err when granting extensions of the Debtor's exclusivity period. The Bankruptcy Judge issued a detailed opinion explaining, at length, her reasons for extending the time in which the Debtor could file a plan. That opinion explains the Debtor's proposed plans and its continued attempts to negotiate with the creditor's committee. The opinion describes the recalcitrance of the creditors and their intent to liquidate rather than negotiate with the debtor to agree upon an equitable plan of reorganization. In addition to noting the creditor's reluctance to negotiate, the Bankruptcy Court considered the Debtor's ability to carry on its business during the bankruptcy proceeding and noted that there was no danger of a dissipation of assets to the creditor's detriment. On the contrary, the Court noted that the debtor's assets were not only being preserved, but augmented.

The Bankruptcy Court's opinion was issued after a full hearing. The evidence adduced at that hearing amply supports the ultimate finding that the Debtor demon-

strated cause for extending the exclusivity period. This Court finds no error in that finding and holds that the purpose of Section 1121 has not been thwarted by the Bankruptcy Court's ruling. Section 1121 was enacted, as noted above, to create a balance between the debtor and creditors. The statutory intent is to give creditors a say in the future of a company in which they have a substantial financial interest. Under the circumstances present here and in view of the creditors' intent to liquidate, the Court holds that the extension granted by the Bankruptcy Court is not at odds with the purpose of Section 1121.

## CONCLUSION

The cases filed under docket numbers CV 88–3613 and CV 89–0740 are ordered to be consolidated. The order extending the Debtor's exclusivity period is, in this case, appealable. Although the Court affirms the Bankruptcy Court's order the Court notes that the exclusivity period has been extended to one year and seven months after the date of the filing of the petition. Since this time period represents a significant departure from the statutory allotment, further extensions may not be appropriate. Although the Court expresses no opinion, at this time, as to the propriety of further extensions, the Court notes that any requests for further extensions will, in all probability, require a new hearing and a new set of findings. At this juncture, the Court rules only that the order of the Bankruptcy Court extending the Debtor's exclusivity period is affirmed.

SO ORDERED.