**In re EXPRESS ONE INTERNATIONAL, INC., Debtor.**

**Bankruptcy No. 95–41189.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

March 29, 1996.

David Parham, Strasburger & Price, L.L.P., Dallas, Texas, for Express One.

Peter Franklin, Locke Purnell Rain & Harrell, P.C., Dallas, Texas, for Unsecured Creditor's Committee.

Frank Wright, Burke & Wright, P.C., Dallas, Texas, for Kitty Hawk Charters, Inc.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court Kitty Hawk Charters, Inc.'s Motion to Terminate Debtor's Exclusive Period in which to File and Obtain Acceptances of a Plan of Reorganization and Express One International, Inc.'s Motion to Extend Exclusivity Period Pursuant to 11 U.S.C. § 1121. Since both motions deal with the exclusivity period, the Court combined the motions for hearing. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about June 5, 1995, Express One International, Inc. ("Express One") filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. Since the filing of the voluntary petition, Express One has operated its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

Express One's initial exclusivity period would have terminated on October 3, 1995, 120 days after the petition date, if it had not been extended by the Court. The Court has extended Express One's exclusivity period twice. The most recent extension provides that the exclusive period for Express One to file a plan would terminate on February 2, 1996. Further, the period in which Express One may obtain acceptances of a plan of reorganization is extended until April 2, 1996.

On January 18, 1996, within the exclusivity period, Express One filed its Plan of Reorganization and Disclosure Statement. Subsequent to the filing of the first plan, Express One and the Official Unsecured Creditor's Committee (the "Creditors Committee") negotiated certain modifications which were incorporated in an amended disclosure statement and plan of reorganization filed on March 14, 1996. A hearing has been set on the Disclosure Statement for April 9, 1996.

On February 13, 1996, Kitty Hawk Charters, Inc. ("Kitty Hawk") moved to terminate Express One's exclusivity period so that Kitty Hawk could file a plan of reorganization. Kitty Hawk is a judgment creditor and direct competitor of Express One. Kitty Hawk introduced their proposed plan into evidence at the hearing and argued strenuously that it was superior in terms of recovery to creditors. It is clear that Kitty Hawk's involvement in this case is motivated solely by its desire to purchase this business.

On March 4, 1996, Express One filed an objection to the termination of its exclusivity period. On March 6, 1996, Express One filed its third Motion to Extend the Exclusivity Period. In this motion, Express One seeks an extension of the exclusivity period until the later of May 31, 1996, or the conclusion of

the hearing on confirmation of Express One's Plan of Reorganization, as may be amended.

## DISCUSSION OF LAW

■■■ The Bankruptcy Code provides debtors a limited period to propose a plan of reorganization and obtain acceptance without fear of competition. During the first 120 days of the Chapter 11 case, only the debtor-in-possession may file a plan of reorganization. If the debtor-in-possession files a plan of reorganization within the 120 days after the petition date, the debtor-in-possession has an additional 60 days (up to 180 days after the petition date) to obtain acceptance of the plan before any other party in interest may file a competing plan. If the debtor-in-possession files a plan but fails to obtain creditor acceptance within 180 days following the petition date, the exclusivity period automatically terminates. Any creditor or party in interest may then file a plan of reorganization. See 11 U.S.C. § 1121(b) and (c). *In re Washington–St. Tammany Electric Co-op.,* 97 B.R. 852, 853 (E.D.La.1989). Upon the request of a party in interest, the Bankruptcy Court may extend or shorten the debtor's exclusivity period for cause. 11 U.S.C. § 1121(d). The debtor-in-possession bears the burden of establishing "cause" for an extension of its exclusivity period. *Washington–St. Tammany,* 97 B.R. at 854.

Although § 1121(d) does not define "cause," the following factors, among others, have been identified by courts as being relevant in determining whether "cause" exists:

a.  the size and complexity of the case;

b.  the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

c.  the existence of good faith progress toward reorganization;

d.  the fact that the debtor is paying its bills as they become due;

e.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f.  whether the debtor has made progress in negotiations with its creditors;

g.  the amount of time which has elapsed in the case;

h.  whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

i.  whether an unresolved contingency exists.

See, e.g., *In re Grand Traverse Development Co., Ltd.,* 147 B.R. 418 (Bankr.W.D.Mich. 1992); *In re McLean Industries, Inc.,* 87 B.R. 830 (Bankr.S.D.N.Y.1988); *In re Wisconsin Barge Line, Inc.,* 78 B.R. 946 (Bankr. E.D.Mo.1987).

■ The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization. *In re Pine Run Trust, Inc.,* 67 B.R. 432, 435 (Bankr.E.D.Pa.1986). Express One is a charter and cargo airline which operated a fleet of over 40 aircraft worldwide prior to filing it's petition. In this bankruptcy proceeding, there are several thousand creditors asserting pre-petition claims against the estate in an amount exceeding $100 million. In addition to the large number of claimants and the dollar amount of claims asserted against this estate, the fact that Express One is an airline further adds to the complexity of this case. Reorganization of an airline implicates the additional considerations of the involvement of governmental regulatory agencies such as the FAA, licensing requirements and standards for the transport of cargo and passengers, and the incidental impact on international and interstate commerce. The Court believes that Express One is the type of debtor for which the extension of exclusivity provisions of the Bankruptcy Code were contemplated. The Court does not believe it is necessary to be a Texaco, Johns–Manville Forest Products, or Ames Department Stores to be considered "large and complex" within the meaning of section 1121.

■ However, Express One has already obtained two extensions and is requesting a third extension that would provide the benefit of a full year of exclusivity. Where previous extensions have been allowed a showing of size and complexity must be accompanied by factors such as the likelihood of agree-

ment on a consensual plan if debtor remains in control, the absence of alternative creditor plans which cannot be filed because of the debtor's exclusive right to propose and confirm a plan, and a showing that the debtor is not using exclusivity to force on its creditors its view of an appropriate plan. *Washington–St. Tammany,* 97 B.R. at 854–855.

Kitty Hawk would have the Court terminate exclusivity because they believe the Kitty Hawk plan is superior to Express One's plan. The issue to be determined, however, is not whether some other plan may exist which provides greater recovery; the issue is whether debtor has been diligent in its attempts to reorganize.

The Court believes that Express One has been diligent in its attempts to reorganize. It has a plan and disclosure statement on file. Moreover, Express One has negotiated with the Creditor's Committee. Counsel for Creditor's Committee appeared in support of the amended plan, but was neutral on the issue of exclusivity extension. Likewise, the major creditor appeared in general support of the plan but remained neutral on the question of exclusivity. This is not a case where the creditors are being held hostage by debtor.

Neither is this a case where the Court is asked to extend the exclusivity period for an indefinite period of time. See *Washington–St. Tammany,* 97 B.R. at 855. The Court is heavily influenced by the fact that it is called upon to determine whether to terminate or extend exclusivity on the eve of Express One's Disclosure Statement hearing. The exclusivity period will expire on April 2, 1996. The Disclosure Statement hearing is currently set for April 9, 1996. Under the circumstances, Express One should be allowed to proceed with obtaining approval of its Disclosure Statement unfettered by a competing plan.

Consequently, the Court believes cause exists to extend the exclusivity period to April 15, 1996. If Express One obtains approval of its Disclosure Statement on April 9, 1996, no other party will be permitted to file a plan unless and until confirmation of Express One's plan is denied. See Fed.R.Bankr.Proc. 3016(a).

If Express One fails to obtain approval of its Disclosure Statement on April 9, 1996, this case should not be further delayed. It is therefore

ORDERED that Kitty Hawk Charters, Inc.'s Motion to Terminate Debtor's Exclusive Period in which to File and Obtain Acceptances of a Plan of Reorganization is hereby DENIED. It is further

ORDERED that, pursuant to 11 U.S.C. § 1121, the exclusive period for Express One to file a plan of reorganization and obtain acceptances of such plan of reorganization is hereby extended to April 15, 1996. It is further

ORDERED that all further requested relief is hereby DENIED.

### *ORDER*

COMES NOW before the Court Kitty Hawk Charters, Inc.'s Motion to Terminate Debtor's Exclusive Period in which to File and Obtain Acceptances of a Plan of Reorganization and Express One International, Inc.'s Motion to Extend Exclusivity Period Pursuant to 11 U.S.C. § 1121. Since both motions deal with the exclusivity period, the Court combined the motions for hearing. For the reasons stated in the written opinion signed contemporaneously herewith, the Court believes cause exists to extend the exclusivity period to April 15, 1996. It is therefore

ORDERED that Kitty Hawk Charters, Inc.'s Motion to Terminate Debtor's Exclusive Period in which to File and Obtain Acceptances of a Plan of Reorganization is hereby DENIED. It is further

ORDERED that, pursuant to 11 U.S.C. § 1121, the exclusive period for Express One to file a plan of reorganization and obtain acceptances of such plan of reorganization is hereby extended to April 15, 1996. It is further

ORDERED that all further requested relief is hereby DENIED.