In re SUNFLOWER RACING, INC., doing business as The Woodlands, Debtor.

MID–CONTINENT RACING & GAMING CO. I; Mid–Continent Racing & Gaming Co. II; Mid–Continent Racing & Gaming Co. III; Bank Midwest, N.A.; and FCLT Loans, L.P., Appellants,

v.

SUNFLOWER RACING, INC., Appellee.

CIV. A. No. 98–2008–EEO.
Bankruptcy No. 96–21187–11.

United States District Court,
D. Kansas.

Feb. 25, 1998.

---

R. Scott Beeler, Lathrop & Gage L.C., Overland Park, KS, F. Stannard Lentz, Lentz & Clark, P.A., Overland Park, KS, for Debtor.

Mark A. Shaiken, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for appellants.

F. Stannard Lentz, Lentz & Clark, P.A., Overland Park, for appellee.

## MEMORANDUM & ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of Mid–Continent Racing and Gaming Company I, Mid–Continent Racing and Gaming Company II, Mid–Continent Racing and Gaming Company III, Bank Midwest, N.A., and FCLT Loans, L.P., (collectively the "Creditor Group" or "Appellants") for leave to appeal an order of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(3). Appellants also argue that an appeal is appropriate pursuant to 28 U.S.C. § 158(a)(1) or (2). After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, the court will deny appellants' motion and dismiss the appeal for lack of jurisdiction.

### Factual Background

The underlying facts of this bankruptcy appeal are undisputed. On May 17, 1996, Sunflower Racing, Inc., d/b/a The Woodlands ("Debtor" or "Appellee"), filed a Chapter 11 bankruptcy petition. Pursuant to 11 U.S.C. § 1121 and a number of orders of the bankruptcy court granting extensions, Debtor had the exclusive right to file a plan of reorganization on or before July 9, 1997. On July 9, 1997, the bankruptcy court entered an agreed order which granted Debtor until July 15, 1997, to file a plan of reorganization, granted Debtor the exclusive right to have the plan confirmed until September 14, 1997, and provided that if the Debtor modified its July 15 plan, the remaining exclusive periods would terminate immediately.

On July 15, Debtor filed its plan of reorganization and disclosure statement. On July 21, the Creditor Group filed its motion to terminate exclusivity periods.

On September 16, 1997, Debtor filed its first amended reorganization plan and disclosure statement. On September 19, Debtor filed its motion to extend the exclusive period to obtain confirmation of plan. On September 22, the bankruptcy court ruled that the exclusive period had terminated and the Creditor Group could file its own plan. An Order reflecting the bankruptcy court's rulings was entered on November 4. The November 4 Order was not appealed by any party.

On October 1, 1997, the Creditor Group filed its motion to permit approval of disclosure statement and dissemination of its plan for voting. Debtor filed an objection to the Creditor Group's motion on October 23. At a hearing on the motion on October 27, the bankruptcy court denied the Creditor Group's motion. Judge Flannagan noted:

Well, as I alluded to earlier, the only contest here is between the debtor and the secured creditor group. The secured creditor group at least in part consists of the entities who are represented or controlled by Mr. Grace, I believe his name is, who has purchased secured claims presumably

at some discount number and I don't really know what he paid for them and now he has put forth a plan of liquidation so that I think he intends to turn around and try to make his own deal with the Indian tribes if the debtor's particular plan does not succeed.

Now we have all these objections to the disclosure statement and the potential to bog this case down even more than it has been in the past. There is a plan proposed, a [first] amended plan of the debtor's that's before me and now I hear today that they may try to amend it further.

The Court has considered the various reasons given by creditors' counsel for allowing that creditor plan to go forward on the same schedule as the debtor's and under the circumstances of this case I don't believe that that is the appropriate thing to do. It would only have the effect of delaying the resolution of this whole case.

There is a difference between the two plans. The creditors' plan is a pretty straight liquidation based on bidding for the property. The debtor's plan is more of a reorganization plan, although it includes provisions which could be viewed as a sale.

That situation along with the fact that the creditor group is, in fact, basically a competitor here seeking to do its own plan with this property if it can obtain control of it along with the confusion that would be created by submitting two plans to the other creditors in this case leaves the Court to rule that the debtor's disclosure statement and plan will go forward and the creditors' will remain pending to await the outcome of the confirmation of this case.

\* \* \*

Just to supplement my findings with respect to the question of the two plans going forward together, as I said before it's based on certain reasons including in addition principally the delay and the confusion that could be caused by the creditors' plan. Frankly, I found some problems that I wanted to check with respect to the priority set out in that plan [and] would incur additional costs of mailing out notice. I don't believe the factor of negotiating strength is important in this case, and I really believe that the best way to get this case off the dime is set it for [a] confirmation hearing which I have done.

Oct. 27, 1997 Tr. at 43–45, 48. An order reflecting the bankruptcy court's ruling was entered on November 19, 1997. The Creditor Group appeals from the bankruptcy court's November 19 Order.

Debtor also has filed a second amended reorganization plan and disclosure statement. The confirmation hearing on Debtor's plan was scheduled for January 22, 1998.

*Analysis*

A district court has jurisdiction to hear appeals from the bankruptcy courts of (1) final judgments, orders, and decrees; (2) interlocutory orders issued under section 1121(d) increasing or reducing the exclusive time periods referred to in section 1121, and (3) with leave of court, other interlocutory orders and decrees. 28 U.S.C. § 158(a). The Creditor Group argues that the court has jurisdiction to hear its appeal under each of these provisions.

**I. The November 19 Order Is Not A Final Order.**

■ The Creditor Group first claims that the bankruptcy court's November 19 Order is a final order for purposes of appeal. "[A]n order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability Inc.)*, 893 F.2d 264, 265 (10th Cir.1990). In the bankruptcy context, a final order includes an order that resolves a particular adversary proceeding or discrete controversy within the broader framework of the bankruptcy proceeding. *See id.* at 266; *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 407 (E.D.N.Y.1989).

■ The Creditor Group claims that the discrete "controversy" resolved by the November 19 Order is the Creditor Group's right to pursue dissemination and acceptance of its own plan. Even under this definition of controversy, however, Judge Flannagan's

November 19 Order did not fully resolve the issue. Judge Flannagan specifically noted that the Creditor Group's disclosure statement "will remain pending to await the outcome of the confirmation of this case." Accordingly, the November 19 Order leaves open the possibility that the Creditor Group may proceed with its plan at a later date.

We find that the statutory language of 28 U.S.C. § 158 also supports our conclusion that the November 19 Order is not final. Section 158(a) provides for appeals from (1) final judgments and orders and (2) "interlocutory orders" increasing or reducing the exclusivity period of section 1121. Congress specifically chose the term "interlocutory" to characterize the orders issued under section 1121. This statutory language is consistent with the reasoning of several courts which have held that an order extending or reducing the exclusivity period is not a final order for purposes of appeal because such an order merely postpones, but does not foreclose, a creditor's right to file a competing plan. *See In re RCN Anlagenivestitionen Frodsgesellschaft II–Kommanditgesselschaft,* 118 B.R. 460 (W.D.Mich.1990); *In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 408 (E.D.N.Y.1989); *First Am. Bank v. Century Glove, Inc.,* 64 B.R. 958, 960 (D.Del.1986). Here, appellants' right to seek approval of their disclosure statement and plan has not been foreclosed by Judge Flannagan's rulings. Indeed, Judge Flannagan specifically left open the possibility that the Creditor Group's plan may be disseminated at a later date.[1]

 The Creditor Group also attempts to characterize the November 19 Order as appealable by invoking the collateral order doctrine. The collateral order doctrine permits appeals of a narrow class of orders which are not final but are immediately appealable because (1) the orders conclusively

determine an important question separate from the merits of the action, and (2) the orders are effectively unreviewable on appeal from a final judgment. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 710–14, 116 S.Ct. 1712, 1718–19, 135 L.Ed.2d 1 (1996); *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.),* 889 F.2d 950, 954 (10th Cir.1989). The November 19 Order did not "conclusively determine" whether the Creditor Group's plan may be disseminated or whether a confirmation hearing will take place in the future with respect to the plan. Moreover, the Creditor Group has not established that the bankruptcy court's ruling is unreviewable on appeal from a final judgment.

For the above reasons, we conclude that the bankruptcy court's November 19 Order is not a final order for purposes of appeal.

## II. The November 19 Order Did Not Increase Or Reduce The Exclusivity Periods Pursuant To Section 1121 Of The Bankruptcy Code.

 Section 158(a)(2) provides for appeals of interlocutory orders "issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title." Section 1121 gives the debtor the exclusive right, for 120 days, to propose and seek confirmation of a reorganization or liquidation plan. Appellants argue that the November 19 Order may be appealed because it granted Debtor the principal indicia of section 1121 exclusivity—the right to the exclusion of all others to disseminate a plan for a vote and have a confirmation hearing under 11 U.S.C. § 1129. While Appellants' argument has some appeal, we are mindful that there is a general presumption against federal jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). "Statutes authorizing appeals are to be strictly construed." *Califor-*

---

**1.** The Creditor Group also argues, relying on *Gibson & Cushman Dredging Corp., supra,* that the November 19 Order should be considered final and appealable because it is out of the ordinary for a bankruptcy court to issue a *de facto* reinstatement of the exclusive period after it has expired. The court in *Gibson,* however, determined that the order appealed from, granting an extension of the debtor's exclusivity period, was not a final order but that leave to appeal the interlocutory order was appropriate. 101 B.R. at 408–09. Accordingly, the Creditor Group's argument regarding the extraordinary nature of the bankruptcy court's ruling will be considered as part of the Creditor Group's request for leave to appeal from an interlocutory order. *See* part III, *infra.*

*nia Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 579, 107 S.Ct. 1419, 1424, 94 L.Ed.2d 577 (1987) (citing *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 247, 104 S.Ct. 615, 620–21, 78 L.Ed.2d 443 (1984); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 43, 103 S.Ct. 948, 953–54, 74 L.Ed.2d 794 (1983)). "Jurisdictional statutes are to be construed 'with precision and with fidelity to the terms by which Congress has expressed its wishes.'" *Palmore v. United States*, 411 U.S. 389, 396, 93 S.Ct. 1670, 1675, 36 L.Ed.2d 342 (1973) (quoting *Cheng Fan Kwok v. INS*, 392 U.S. 206, 212, 88 S.Ct. 1970, 1974, 20 L.Ed.2d 1037 (1968)). Section 158(a)(2) specifically applies only to orders "issued under § 1121(d)." There is no indication either in Judge Flannagan's November 19 Order or in his oral findings that the order was issued under section 1121(d). Indeed, Judge Flannagan did not have the authority to issue the order under section 1121 because the order did not decide a request by a party to extend or reduce the exclusivity periods "made within the respective periods." *See* 11 U.S.C. § 1121(d). Accordingly, appellate jurisdiction under section 158(a)(2) is lacking.

Moreover, without any reference to section 1121 in Judge Flannagan's Order, we conclude that the Order was entered pursuant to the Bankruptcy Court's inherent ability to control its own docket and manage the debtor's estate in an efficient manner. "Section 105(d)(2) provides, generally, rather substantial flexibility and latitude for the Court to designate, or adjust, the Chapter 11 plan, disclosure statement, and confirmation time lines and procedure. Section 105, coupled with the terms of Sections 1121 and 1125, suggests that this Court can look to equitable factors to fix a time schedule as may be necessary to keep the process fair, fast, effective, and efficient." *In re Aspen Limousine Serv., Inc.*, 187 B.R. 989, 995 (Bankr. D.Colo.1995) (footnote omitted), *aff'd*, 193 B.R. 325 (D.Colo.1996); *see Western Cities Broadcasting, Inc. v. Schueller (In re Schueller)*, 126 B.R. 354, 359 (D.Colo.1991) ("Section 105 of the Code gives the bankruptcy court broad powers to regulate the administration of the cases before it."). Several courts have held that a bankruptcy court has the authority pursuant to section 105 to defer hearings on a creditor's disclosure statement or on other important matters. *See In re Aspen Limousine*, 187 B.R. at 995 ("Section 105(d)(2) lets this Court 'mix and match' the opportunities and timing for a debtor, creditors, and parties-in-interest, to file plans and disclosure statements, and solicit acceptances of such plans."); *In re Schueller*, 126 B.R. at 359 (deferring consideration of reorganization plan pending state court appeal); *In re Kehn Ranch, Inc.*, 41 B.R. 832, 833 (Bankr. D.S.D.1984) (declining to hold hearing on creditor's disclosure statement and plan); *In re Ware Spaces, Inc.*, 5 B.R. 204, 206–07 (Bankr.D.Haw.1980) (deferring hearing on motion to dismiss debtor's bankruptcy petition). Based on the bankruptcy court's broad power under section 105 and the factual findings of the bankruptcy court, we decline to hold that a *de facto* reinstatement of a debtor's exclusive rights is sufficient to confer jurisdiction on the appellate court pursuant to section 158(a)(2).

### III. Appeal Of The November 19 Interlocutory Order Is Not Appropriate In This Case.

■ The Bankruptcy Appellate Panel for the Tenth Circuit has held that "[l]eave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances." *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 769–70 (10th Cir. BAP 1997). In determining whether an appeal of an interlocutory order of a bankruptcy court is appropriate, district courts generally apply the same standards as set forth in 28 U.S.C. § 1292(b). *See In re American Freight System, Inc.*, 194 B.R. 659, 661 (D.Kan.1996). An interlocutory order may be certified for appeal when (1) the order involves a controlling question of law, (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation, and (3) a substantial ground for difference of opinion exists with respect to the question of law. 28 U.S.C. § 1292(b); *see Bumgarner v. Blue Cross & Blue Shield of Kan., Inc.*, 716 F.Supp. 493, 504 (D.Kan. 1988) (citing *Kirchen v. Guaranty Nat'l Ins.*

*Co.,* 422 F.Supp. 58, 60–61 (E.D.Wis.1976)). The decision whether to grant or deny leave to appeal an interlocutory order lies within the sound discretion of the appellate court. *See* 28 U.S.C. § 1292(b).

We decline to exercise our discretion to hear the instant appeal. Most importantly, we conclude that granting the Creditor Group leave to appeal would not materially advance the ultimate termination of the underlying bankruptcy litigation. In fact, Judge Flannagan specifically found that granting the Creditor Group's request to disseminate its plan "would only have the effect of delaying the resolution of this whole case." Tr. at 44. An appeal of Judge Flannagan's ruling at this time could delay the case even further.

We also cannot conclude that the instant appeal presents a question of law as to which there is substantial ground for difference of opinion. From our review of the substantive issue, it appears the bankruptcy court's decision to deny the Creditor Group's motion was well within its discretion. Appellants contend that once the exclusive period has terminated, competing plans must be permitted to proceed forward. There is no such requirement, however, in the Bankruptcy Code. While we recognize that courts generally allow multiple plans to proceed concurrently towards confirmation after the debtor's exclusive period has expired, *see, e.g., In re Landmark Park Plaza Ltd. Partnership,* 167 B.R. 752, 755 (Bankr.D.Conn.1994); *Matter of Mother Hubbard, Inc.,* 152 B.R. 189, 195–96 (Bankr.W.D.Mich.1993), such a procedure is neither mandatory nor appropriate in all cases. *See In re Aspen Limousine,* 187 B.R. at 995 (allowing debtor and creditor plans to go forward on different schedules); *Landmark Park Plaza,* 167 B.R. at 755 (recognizing that decision to allow both plans to proceed concurrently is discretionary).

Appellants also point to a 1996 amendment to Rule 3016 of the Federal Rules of Bankruptcy Procedure as support for their claim that once the debtor's exclusive period has terminated, there is no basis to prevent a competing plan from proceeding forward. We find that the 1996 amendment actually undercuts Appellants' position. Previously, rule 3016(a) provided that "[a] party in interest, other than the debtor, who is authorized to file a plan under § 1121(c) of the Code may not file a plan after entry of an order approving a disclosure statement unless confirmation of the plan relating to the disclosure statement has been denied or the court otherwise directs." The Official Committee Note to the 1996 Amendments provides: "Subdivision (a) is abrogated because it could have the effect of extending the debtor's exclusive period for filing a plan without satisfying the requirements of § 1121(d). The abrogation of subdivision (a) does not affect the court's discretion with respect to the scheduling of hearings on the approval of disclosure statements when more than one plan has been filed." The Committee Notes reflect that having multiple plans proceed on the same schedule is not mandatory.

IT IS THEREFORE ORDERED that the Creditor Group's motion for leave to appeal is denied. This appeal is dismissed for lack of jurisdiction.