### In re SWATARA COAL COMPANY, Debtor.

### Bankruptcy No. 84–04218 T.

United States Bankruptcy Court, E.D. Pennsylvania.

June 3, 1985.

John M. Elliott, Philadelphia, Pa., for debtor.

Gary M. Schildhorn, Philadelphia, Pa., for Official Creditor's Committee.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before us is the debtor's Motion for Extension of the Exclusive Time to File and Have Plan Accepted. The Motion seeks an extension of the debtor's exclusivity period for filing a reorganization plan from April 4, 1985 until October 1, 1985. The Motion also seeks an extension of the debtor's exclusivity period for the acceptance of the debtor's reorganization plan from June 3, 1985 until December 2, 1985. The Motion was filed pursuant to 11 U.S.C. § 1121(d) and is opposed only by the Official Creditors' Committee of F.A. Potts and Co., Inc. ("Committee").

There are two major grounds for the debtor's Motion. First, the debtor's present ownership did not acquire ownership and control of the debtor until February 28, 1985, pursuant to the Stipulation and Order of February 25, 1985 ("Stipulation") in a related bankruptcy case in this Court. The Stipulation was agreed to, *inter alia*, by the instant debtor's present ownership and by the Committee. Therefore, the debtor correctly points out that the debtor's present ownership did not even have the legal right to file a reorganization plan until February 28, 1985, nearly three months after the December 5, 1984 filing of this case by the debtor's former ownership. We agree with the debtor that this nearly three months of the exclusivity period was, in effect, wasted, and should not be counted against the debtor. In this regard, we note that, in addition to not filing a reorganization plan, the debtor's former ownership never filed the debtor's schedules and statement of affairs. The debtor's present ownership was required to prepare and file these items subsequent to February 28, 1985.

Secondly, the debtor points out that the aforementioned Stipulation requires the debtor to negotiate in good faith with Ransomes and Rapier, P.L.C., a company involved in various facets of the coal industry, in an attempt to reach an agreement whereby Ransomes and Rapier would utilize the Swatara Breaker for a period of not less than three years. The Stipulation also provides that, if requested by Ransomes and Rapier in order to accommodate the venture organizing needs of Ransomes and Rapier, the debtor must hold such negotiations open until at least June 30, 1985, and, once commenced, the debtor must pursue the negotiations with reasonable diligence and with a view toward arriving at an agreement not later than July 31, 1985. The debtor's obligation (but not its opportunity) to so negotiate shall terminate on August 1, 1985. These negotiation requirements were made a part of the Stipulation at the specific behest of the Committee. Although the debtor has attempted to commence these negotiations, they will not be commenced until after June 1, 1985 because the Ransomes and Rapier joint venture group is not yet prepared to negotiate.

We agree with the debtor that there is a reasonable possibility that the proposed negotiations will be commenced and concluded within a reasonable period of time. We also agree that the subject matter of these negotiations is central to the operation of

the debtor's business and that, if successful, the negotiations would likely enable the debtor to file a viable reorganization plan and to rehabilitate itself as an ongoing business concern, thereby also benefitting the debtor's creditors. *See In re Trainer's Inc.*, 17 B.R. 246, 247 (Bankr.E.D.Pa.1982).

In light of the above, it is of little consequence that the debtor's present ownership attached to its motion to dismiss the aforementioned related bankruptcy case a proposed reorganization plan for the present debtor and indicated that it intended to file such plan if it acquired ownership of the present debtor. Such proposed plan, of course, preceded the Stipulation of February 25, 1985 and did not take into account the aforementioned mandated and potentially beneficial negotiations between the debtor and Ransomes and Rapier.

While we generally endorse the debtor's position in this matter, we believe, under the circumstances of this case and in our discretion, that the debtor's requested extensions of the exclusivity periods are slightly excessive. Therefore, we shall extend the exclusivity periods only until September 3, 1985 and November 4, 1985, respectively.

### ORDER

AND NOW, this 3rd day of June, 1985, in accordance with the foregoing Memorandum, it is ORDERED that:

(1) The exclusive time within which only the debtor may file a plan of reorganization is hereby extended from April 4, 1985 until September 3, 1985.

(2) The exclusive time within which only the debtor may have its plan of reorganization accepted by each class the claims or interests of which are impaired under the plan is hereby extended from June 3, 1985 until November 4, 1985.