In re WESTGATE GENERAL
PARTNERSHIP, Debtor.

In re FOXWOOD GENERAL
PARTNERS, Debtor.

In re PRESIDENTIAL PLAZA LIMIT-
ED GENERAL PARTNERSHIP,
Debtor.

In re BUFFALO MEDICAL BUILDING
GENERAL PARTNERSHIP, Debtor.

In re CRESTWOOD GENERAL
PARTNERS, Debtor.

Bankruptcy Nos. 85–01706G
to 85–01710G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 2, 1985.

See also 55 B.R. 560.

Joseph A. Dworetzky, Lynne B. Allen, Drinker Biddle & Reath, Philadelphia, Pa., for debtors/movants, Westgate General Partnership, et al.

Robert A. Kargen, Robert W. Keyser, Lesser and Kaplin, P.C., Blue Bell, Pa., for objector, Nassau Sav. and Loan Ass'n.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

A question of first impression has been raised in the case before us under 11 U.S.C. § 1121(d), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984. The dispute is whether a chapter 11 debtor may successfully request an extension of the 120 and 180 day periods during which it alone may file a plan and solicit acceptances of that plan although the request is made beyond the 120 or 180 day period but during the pendency of a previously granted extension. We conclude that a debtor may not successfully request such an extension and we will deny the debtor's request for that relief.

The facts in dispute may be stated as follows: [1] The five debtors denominated in the caption are partnerships which filed petitions for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on May 1, 1985, and, on the debtors' motions, we ordered joint administration of the

cases. Each of the debtors owns one or more residential or commercial real estate complexes, the purchase of which was financed by a consortium of eight lenders with Nassau Savings and Loan Association ("Nassau") acting as agent and lead lender. The lenders' claims against the debtors exceed $40,000,000.00.

The debtors filed a motion requesting an extension of the 120 day period during which the debtor had the exclusive right to file a plan and in the motion they also requested an extension of the 180 day period for soliciting acceptances. No party in interest objected to the motion and, in light of the complex nature of the debtors' operations, we granted the motion and extended the 120 day period to November 27 and the 180 day period to December 27. On October 17, 1985, the debtors filed a second motion to extend the exclusive periods but Nassau objected on two bases which are outlined below.

Under chapter 11, 11 U.S.C. § 1121 governs the filing of a plan of reorganization. Section 1121 states as follows:

§ 1121 Who may file a plan.

(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

(d) On request of a party in interest *made within the respective periods specified in subsection (c) of this section* and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121 (emphasis added). The highlighted language of § 1121(d) was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Amendments") which is applicable to the case before us.

The first of Nassau's objections to the debtors' motion for an extension of the exclusive periods is that the language added by the 1984 Amendments—"made within the respective periods specified in subsection (c) of this section"—bars the court from granting an extension of the 120 day period for filing a plan unless the request for such extension was made within that 120 day period and likewise bars us from granting an extension of the 180 day period for obtaining acceptance of the plan, unless that request is made within the original 180 day period. Under Nassau's position, an extension of the exclusive period would not carry with it an extension of the time to request a further extension. On the other hand the debtor contends that the amendatory language of § 1121 simply means that once the exclusive periods in § 1121 have expired, they cannot be revived by a motion for an extension.

The parties have found no case law on the issue at hand, and our research has proved equally unproductive. Our decision must therefore be predicated on the plain language of § 1121 and the purpose of that provision. Without resort to logomachy or circumlocution, we simply conclude that Nassau's position is reflective of the Congressional intent evidenced in the 1984 Amendments.

This result renders it unnecessary for us to discuss Nassau's second basis for denying the proposed relief, and we will thus enter an order denying the proposed extension.