In re Edgar Raymond PERKINS, Debtor.

Ben M. GAINES, Appellant,

v.

Edgar R. PERKINS, Appellee.

Misc. No. 86–1003.

United States District Court, W.D. Tennesee, E.D.

Feb. 11, 1987.

Bruce Kramer and Guthrie Castle, Borod & Huggins, Memphis, Tenn., for Gaines.

Benjamin S. Dempsey, Huntingdon, Tenn., for Perkins.

## MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

TODD, District Judge.

This is an appeal from a series of decisions by the bankruptcy court granting debtor Edgar Raymond Perkins' (Perkins) motions for enlargement of the exclusivity period in which to file plans of reorganization, 11 U.S.C. § 1121. The statute provides that "only the debtor may file a plan [of reorganization during the first] 120 days after the date of the order of relief under this chapter." 11 U.S.C. § 1121(b). Competing plans may be filed by an interested party

if and only if—

> (1) a trustee has been appointed under this chapter;
> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121(c). The 120 and 180 day periods referred to in § 1121(c) may be increased or decreased by the court for cause upon a request made "within the respective periods." 11 U.S.C. § 1121(d). The effect of § 1121 is to give the debtor the exclusive right during a limited period to present the creditor body with a proposed plan of reorganization. Once the exclusivity period ends, competing plans may be proposed.

Perkins filed for Chapter 11 bankruptcy on November 21, 1984 (No. 84–11046, Bankr.W.D.Tenn.). His proposed plan of reorganization was filed March 20, 1985, within the 120 days provided by § 1121(b). When the plan was not confirmed by May 20, 1985, the date on which the 180 day period expired, Perkins moved to enlarge the exclusivity period. A hearing on the motion was held June 20, 1985, after which the bankruptcy court granted the motion, extending the exclusivity period to August 1, 1985. A second enlargement was granted by the bankruptcy court *sua sponte* on August 23, 1985, extending the period to November 1, 1985. On November 1, 1985, Perkins again moved for an enlargement. A hearing on that motion was held February 20, 1986, and on February 24, 1986, the

bankruptcy court denied the motion and ordered that competing plans could be filed but could not be processed by the court clerk until otherwise directed by the court. On March 5, 1986, however, the bankruptcy court *sua sponte* reconsidered its February 24, 1986, order and granted Perkins' motion, extending the exclusivity period to April 21, 1986. Appellant Ben M. Gaines (Gaines) filed his motion seeking leave to appeal with this court on April 1, 1986; leave to appeal was granted July 7, 1986. However, the bankruptcy court has continued to grant enlargements of the exclusivity period. On June 11, 1986, and August 22, 1986, the bankruptcy court entered orders enlarging the exclusivity period. The exclusivity period resulting from the August 22, 1986, enlargement was to expire on August 31, 1986; however, in the interim Perkins filed yet another motion for enlargement of time. A hearing was initially set on that motion for October 30, 1986. The October 30, 1986, hearing was continued until December 4, 1986; the December 4, 1986, hearing was continued until January 15, 1987; and the January 15, 1987, hearing was continued to February 12, 1987. As a result of these continuances, Perkins retains the exclusive right to receive acceptances to his filed plan or reorganization. Therefore, Perkins has enjoyed an exclusivity period of over 800 days.

Other relevant facts may be briefly summarized. The Chapter 11 bankruptcy proceeding spawning this appeal is large and complex. There are approximately 100 creditors holding approximately 225 claims against Perkins' estate. The claims amount to roughly $10,000,000.00; the estate is valued at approximately $13,000,000.00, composed mainly of improved and unimproved real property. As the twenty-plus page Bankruptcy Docket sheets in the underlying bankruptcy case reveal, the creditors and the debtor are vigorously involved. Despite squabbles among certain interested parties, Perkins' reorganization plan has received acceptances from all but a few of the creditors.

## ANALYSIS

The two issues presented by appellant are, briefly: 1) whether the bankruptcy court may enlarge the exclusivity period after the initial statutory period has expired but within the period of a previous enlargement, and if the answer is yes, 2) were the bankruptcy court's enlargements of the exclusivity period erroneous as a matter of law.

### I. ENLARGEMENTS OF TIME AFTER THE INITIAL STATUTORY PERIOD HAS EXPIRED

The 1984 amendment to 11 U.S.C. § 1121(d) provides:

[o]n request of a party in interest made *within the respective periods in subsection (c) of this section* and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180–day period referred to in this section. (emphasis added)

Appellant contends that the clear meaning of the phrase "within the respective periods" is that the bankruptcy court is powerless to enlarge the exclusivity period once the initial 120–day or 180–day period expires, even if the motion for enlargement is made during a period of enlargement previously granted by the court. Appellant's position in this case, then, is that the bankruptcy court's power to grant enlargements of the exclusivity period expired on May 20, 1985, and all subsequent enlargements were *ultra vires*.

In support of this theory, appellant cites *In re Westgate General Partnership*, 55 B.R. 562 (Bankr.E.D.Penn.1985). In *Westgate*, the bankruptcy court held that a chapter 11 debtor could not successfully request an extension of the exclusivity periods beyond the 120–day or 180–day periods, even during the pendency of a previously granted enlargement. The court did not base its decision on case law, but candidly stated:

[t]he parties have found no case law on the issue at hand, and our research has proved equally unproductive. Our decision must therefore be predicated on the plain language of § 1121 and the purpose

of that provision. Without resort to logomachy or circumlocution, we simply conclude that [the party opposing the enlargement's] position is reflective of the Congressional intent evidenced in the 1984 Amendments.

*In re Westgate,* 55 B.R. at 564.

■ This court has found no authority other than *In re Westgate* dealing with this issue. Nevertheless, this court respectfully declines to follow the holding in *In re Westgate,* and concludes that the bankruptcy court is authorized to grant enlargements of time upon motion made beyond the initial statutory periods but within the pendency of a previous enlargement.

This result is based on statutory language, congressional intent, and logic. This court agrees that once the statutory periods, or enlargements thereof, have expired, the bankruptcy court is powerless to grant further extensions. It is only logical that once the exclusivity period and extensions thereto have expired, the debtor cannot resurrect his protected status in order to battle competing plans. But it is not logical to require that the bankruptcy judge make any enlargement decision based only on the facts available to him during the initial 120–day or 180–day period; it would be unfair to expect such prescience. The essence of chapter 11 proceedings is to give the debtor a chance to work out his problems by agreement with his creditors. In a large, complex case it is conceivable that given just a little more time, he could resolve existing differences and fashion an agreement with creditors which would inure to the benefit of all. For instance, a large debtor could work diligently to gain acceptances of his plan and approach success on the day before the enlargement to the initial exclusivity period was to expire. In this situation, under *In re Westgate* the bankruptcy court would be powerless to grant an additional enlargement, no matter how brief or meritorious. The legislative history does not support such a drastic construction of § 1121(d). The hallmark of the section is flexibility. *See* H.R.Rep. No. 95–595, 92 Cong., 2d Sess. 232, *reprinted in* 1978 U.S.Code

Cong. & Admin.News 5787, 6191 (hereinafter U.S.Code Cong. & Admin.News).

This construction of the 1984 amendment to § 1121(d) will still achieve the balance required between debtor and creditor body rights, for any enlargement of the exclusivity period must still be supported by cause. 11 U.S.C. § 1121(d); *In re Tony Downs Foods Co.,* 34 B.R. 405, 407–08 (Bankr.D. Minn.1983). Assuming that cause is shown, the bankruptcy court is authorized to grant a period of enlargement after the expiration of the initial statutory period of exclusivity, and within the pendency of a previously granted period of enlargement.

## II. WHETHER IT WAS ERRONEOUS AS A MATTER OF LAW FOR THE BANKRUPTCY COURT TO CONTINUE TO GRANT ENLARGEMENTS OF TIME

Appellant contends that, even if the bankruptcy court was authorized to grant enlargements of time, it was clearly erroneous for the court to do so because of an absence of cause. 11 U.S.C. § 1121(d) gives the bankruptcy court discretion to grant enlargements of the exclusivity period, but the court's discretion is tempered by the section's requirement that enlargements be granted for cause. The section does not define "cause," and courts have struggled to extract guidelines from the legislative history.

The House Report to the 1978 Bankruptcy Act offers some guidance. While no definition is given, examples are offered in which the court might increase or reduce the exclusivity periods:

> [c]ause might include an unusually large or unusually small case, delay by the debtor, or recalcitrance among creditors.

U.S.Code Cong. & Admin.News at 6362. The House report also contains other examples, along with cautionary language regarding the tension to be struck between the interests of the debtor and the interests of the creditor:

> [p]roposed Chapter 11 recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions in the bill

until it would be too late for them to be an effective remedy. At the same time, the bill recognizes the legitimate interests of creditors, whose money is in the enterprise as much as the debtor's, to have a say in the future of the company. The bill gives the debtor an exclusive right to propose a plan for 120 days. In most cases, 120 days will give the debtor adequate time to negotiate a settlement, without unduly delaying creditors. The court is given the power, though, to increase or reduce the 120–day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under Chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement. If, on the other hand, a debtor delayed in arriving at an agreement, the court could shorten the period and permit creditors to formulate and propose a reorganization plan. Again, the bill allows the flexibility for individual cases that is unavailable today.

U.S.Code Cong. & Admin.News at 6191. The Senate Report offers additional guidance:

> [s]ince, the debtor has an exclusive privilege for six months during which others may not file a plan, the granted extension should be based on a showing of some promise of success. An extension should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory.

U.S.Code Cong. & Admin.News at 5904.

The bankruptcy court's discretion is limited by the requirement that cause be shown to grant an extension. Based upon the guidance available from the legislative history, courts have endeavored to fashion a definition of "cause."

In *In re United Press International, Inc.*, 60 B.R. 265, 269 (Bankr.D.D.C.1986), the bankruptcy court granted additional time to *file* a plan, finding for cause that "[t]he Debtor in this major and complex case has shown extraordinary diligence, speed and skill, in the face of major ob-

stacles, in progressing to the point where, less than a year after the filing of the petition, a plan and a disclosure statement have already been filed." That court also noted that the debtor had been very successful in arranging the sale of assets, and emphasized that much of the delay could be attributed to the

> avalanche of appeals and adversary proceedings, as well as a separate multimillion dollar lawsuit, filed by [one creditor and a creditor ally] against the Debtor, [and others], all for the apparent purpose of preventing the Debtor from filing and obtaining acceptances and confirmation of any plan other than one that may be proposed by [the plaintiffs in those actions.]

*Id.* at 270.

Courts have considered the likelihood of success of a debtor's reorganizational activities as a factor in determination of cause to extend the exclusivity period. In *In re Swatara Coal Co.*, 49 B.R. 898 (Bankr.E.D. Penn.1985), the court granted an extension of the time to gain acceptances based on the reasonable possibility that negotiations with a third party regarding subject matter central to operation of the debtor's business would be successful, and if successful, debtor's chances for rehabilitation would be improved. *Id.* at 899–900.

Other factors which have been considered by courts include whether some progress has been made regarding acceptance of a plan, and whether the "sheer mass, weight, volume and complication of the [ ] filings ... justify a shakedown period." *In re Manville Forest Products Corp.*, 31 B.R. 991, 994–95 (S.D.N.Y.1983). Cause may exist if the case is unusually large, or if a showing is made that the debtor could successfully reorganize if given enlargements of time. *Matter of American Federation of Television & Radio Artists*, 30 B.R. 772, 774 (Bankr.S.D.N.Y. 1983). However, "extensions are impermissible if they are for the purpose of allowing the debtor to prolong reorganization pressuring a creditor to accede to its point of view on an issue in dispute." *Mat-*

*ter of Lake in the Woods*, 10 B.R. 338, 346 (E.D.Mich.1981).

 This court is of the opinion that an extension of the exclusive time in which to *file* a plan presents an enhanced potential for skewing the bargaining balance in favor of the debtor, contrary to the intent of the legislature. If no plan is filed, the creditor body has no information upon which to formulate either a positive or negative opinion. On the other hand, if the debtor has filed a plan; potential for upsetting the bargaining balance is more remote. No longer in the dark with respect to the debtor's intentions, the creditors have a basis for decision, and can either accept the plan or fight extensions to the exclusivity period, in order to file a competing plan. Therefore, extensions of the exclusivity period for gaining acceptances do not have the potential for detrimental impact upon the creditors' bargaining position occurring where no plan has been filed. Accordingly, cause may be measured by a more lenient standard in the determination to grant an enlargement of time in which to gain acceptances to a filed plan. This is the situation in the present case; Perkins timely filed a plan of reorganization which has been scrutinized, evaluated and accepted by the majority of his creditors. As a result, this court concludes that a less stringent standard for cause is proper than would otherwise be the case.

Having established at least some indicia of the standard for cause, all that remains is to review the bankruptcy court's grants of extensions to the exclusivity period to determine if sufficient cause was established. This court's review of bankruptcy court actions taken pursuant to 11 U.S.C. § 1121(d) is subject to the "clearly erroneous" standard; this court is "free to examine the legal conclusions of [the] bankruptcy judge and to reject them if they are erroneous." *Lake in the Woods*, 10 B.R. at 342–43.

The review must focus on whether cause existed to grant enlargements of time. On June 11, 1986, the bankruptcy court issued its written order granting debtor's third motion for enlargement of the exclusivity period. In that order, the judge set forth his findings of cause. The judge noted that "this is the largest and perhaps most complex Chapter 11 case which this court has presided over in the Eastern Division of this Judicial District." Order Re Debtor's Third Motion Seeking Enlargement of Exclusivity Period and Objections Thereto, slip op. no. 84–11046, June 11, 1986, at 3 (hereinafter June 11, 1986, order). The court emphasized that the debtor had received *"substantial* support from the overwhelming majority of his creditor body; however, the opposition from [certain creditors] and Mr. Gaines [appellant], although few in number, has also been substantial." [emphasis in original]. June 11, 1986, order at 5. The judge noted that certain underlying proceedings involving some of the creditors opposing the plan had been extremely time consuming, and the delay might continue because of proceedings and discovery disputes involving appellant Gaines. *Id.* The judge attributed some of debtor's problems in receiving total acceptance to matters outside of the debtor's control, namely, the sheer mass of other cases which were pending and assigned in the district (14,000 cases for two judges) and as a result, the competing demands on the court's time. *Id.* at 5–6. The court concluded that a showing of probable success of the plan had been made, and listed twenty creditors, some having multiple claims, who had filed written statements with the court in support of debtor's motion for an enlargement of the exclusivity period. *Id.* at 6. The court found that "the debtor does not seek an enlargement of the exclusivity period as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory or to otherwise prolong the confirmation hearing." *Id.* at 7.

On August 22, 1986, the bankruptcy court entered another written order extending the exclusivity period. The court noted that certain hearings had been completed regarding certain creditors who had objected to the plan, and noted progress therein. Additionally, the court noted that the delay was not attributable to actions or inaction on the part of the debtor. It noted that

appellant Gaines was the only creditor who had objected to further extension of the exclusivity period, and obliquely requested more cooperation from the "Perkins-Gaines" contingents. Order Re Enlargement of Exclusivity Period Contained In 11 U.S.C. § 1121(c)(3) Arising Out of Hearing Scheduled on July 31, 1986, slip op. August 22, 1986, at 3.

■ Based on these findings and statements of cause, this court concludes that the bankruptcy court's grants of enlargements of the exclusivity period were not erroneous as a matter of law. The case is unusually large and complex, and is aggravated by the overwhelming caseload under which the bankruptcy court must labor. The debtor has shown diligence in filing and soliciting acceptances of his plan, and considering the size of the claims and the number of creditors, has been remarkably successful in structuring a plan acceptable to the bulk of the creditor body. There appears to be a reasonable probability that, through the plan, the debtor can be rehabilitated. Also, "[t]he sheer mass, weight, volume and complication of the ... filings ... justify a shakedown period." *In re Manville Forest Products Corp.*, 31 B.R. at 995. It does not appear that the debtor is attempting to prolong the reorganization for impermissible purposes. Accordingly, this court finds that the bankruptcy court's determination of cause was not erroneous as a matter of law, and is therefore AFFIRMED.

A few further comments are in order. A stark reality of this case is that the debtor's exclusive period in which to gain acceptances of his plan has lasted a *very* long time. While this court's vantage of the case is limited to a cold record, and conceding that the bankruptcy court has the benefit of intimate, day-to-day contact with this case, this court cautions that the time when further enlargements would not be appropriate is fast approaching.

## CONCLUSION

11 U.S.C. § 1121(d) authorizes the bankruptcy court to grant enlargements of time to file or gain acceptances of a plan after the initial statutory periods have expired, but during the pendency of a previously granted period of enlargement. The determination of the bankruptcy judge in the present case that cause existed to grant enlargements of the exclusivity period for gaining acceptances to the debtor's plan for reorganization was not erroneous as a matter of law. Accordingly, the decision of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.