**In re CRAMER, INC., dba Physicians Weightloss Center, Debtor.**

**Bankruptcy No. 89–20806–K.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Sept. 12, 1989.

David M. Monypeny, Memphis, Tenn., for debtor.

Jimmy L. Croom, Memphis, Tenn., for Eighth Regional U.S. Trustee.

Gary A. Vanasek, Asst. U.S. Atty., Memphis, Tenn.

MEMORANDUM ORDER DENYING DEBTOR'S "REQUEST" PURSUANT TO 11 U.S.C. § 1121(d) SEEKING TO ENLARGE EXCLUSIVITY PERIOD TO FILE REORGANIZATION PLAN

DAVID S. KENNEDY, Chief Judge.

This core proceeding[1] came on to be heard on September 11, 1989, upon the "Motion To Extend Time For Filing Of Bankruptcy Disclosure Statement And Plan Of Reorganization" filed by the above-named Chapter 11 debtor continued in possession ("Debtor"). Debtor seeks an order pursuant to 11 U.S.C. § 1121(d) enlarging the statutory exclusivity period in which to file the Chapter 11 reorganization plan.

### BACKGROUND INFORMATION

The relevant background information may be very briefly stated as follows: On February 15, 1989, the debtor filed an original petition under Chapter 11 of the Bankruptcy Code. On August 3, 1989, the debtor filed the instant "Motion To Extend Time For Filing Of Bankruptcy Disclosure Statement And Plan Of Reorganization" setting forth, inter alia, apparent good cause for the issuance of an order increasing the initial 120–day exclusivity period to file the plan referred to in 11 U.S.C. § 1121, infra. After notice and hearing and no prior enlargements having been granted to file the plan, the court denied the instant motion notwithstanding that "cause" apparently exists under 11 U.S.C. § 1121(d) to enlarge such time.

### QUESTION PRESENTED

The ultimate question for judicial determination here is whether the bankruptcy court may enlarge or increase the exclusive statutory period to file a plan pursuant to 11 U.S.C. § 1121, infra, where the "request" under 11 U.S.C. § 1121(d) is made beyond the expiration of the initial 120–day exclusivity period and without any prior enlargements thereof having been granted.

### 11 U.S.C. § 1121

11 U.S.C. § 1121 sets forth the identity of the parties who are permitted to file Chapter 11 plans. Although the statute extends the right to file a plan to any "party in interest", the debtor is given the exclusive right to file a plan within 120 days of the filing of the voluntary petition. 11 U.S.C. § 1121(b). The debtor is then granted 180 days in which to obtain acceptances of the plan. The 120 and 180 day periods run concurrently. As noted, the

---

1. 28 U.S.C. § 157(b)(2)(A).

time period referred to in § 1121 is commonly called the debtor's "period of exclusivity". § 1121 grants the bankruptcy court discretion, upon the "request" of a party in interest and a finding of "cause", to increase (or reduce) the debtor's period of exclusivity. 11 U.S.C. § 1121(d); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 407 (E.D.N.Y.1989); *In re Perkins*, 71 B.R. 294, 297 (W.D.Tenn.E.D. 1987); *In re Texaco*, 76 B.R. 322 (Bankr. S.D.N.Y.1987).

11 U.S.C. § 1121 is styled "[w]ho may file a plan" and provides as follows:

"(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.

"(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

"(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

"(1) a trustee has been appointed under this chapter;

"(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

"(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

"(d) On request of a party in interest made within the respective period specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180–day period referred to in this section."

## CONCLUSIONS

Although the hallmark of 11 U.S.C. § 1121 is flexibility,[2] once the respective

periods specified in subsections (b) and (c) of this section (or enlargements thereof) have expired, the bankruptcy court is powerless to grant further extensions. *In re Perkins*, 71 B.R. 294, 297 (W.D.Tenn. E.D.1987). Cf. *In re Westgate General Partnership*, 55 B.R. 562 (Bankr.Ct.Pa. 1985).

Notwithstanding the existence of "cause" as contemplated in 11 U.S.C. § 1121(d), in this case the Bankruptcy Court's power to grant an enlargment or increase of the initial 120–day exclusivity period to file the Chapter 11 plan expired 120 days after the date of the order for relief on February 15, 1989. 11 U.S.C. § 1121(b). Accordingly, the debtor's instant motion under 11 U.S.C. § 1121(d) is denied as being untimely filed. Of course, the debtor may still file a plan. 11 U.S.C. § 1121(c). Debtor's exclusivity period, however, has aborted.

The foregoing shall serve as the court's findings of fact and conclusions of law in accordance with Bankr. Rule 7052.

IT IS SO ORDERED.

---

**2.** See H.R.Rep. No. 95–595, 92 Cong., 2d Sess. 232, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 6191.