In re RCN ANLAGENIVESTITIONEN FRODSGESELLSCHAFT II—KOMMANDITGESELLSCHAFT a/k/a RCN II, Debtor.

Joseph A. ROSIN, Plaintiff–Appellant,

v.

RCN ANLAGENIVESTITIONEN FRODSGESELLSCHAFT II—KOMMANDITGESELLSCHAFT a/k/a RCN II, Defendant–Appellee.

Bankruptcy No. HK 89–03670.

No. 1:90–CV–308.

United States District Court,
W.D. Michigan, S.D.

June 11, 1990.

---

Sheldon Samuel Toll, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for plaintiff-appellant.

Thomas W. Schouten, Dunn, Schouten & Snoap, Wyoming, Mich., for defendant-appellee.

## OPINION

BENJAMIN F. GIBSON, District Judge.

## INTRODUCTION

This matter comes before the Court on appeal from the United States Bankruptcy Court, Western District of Michigan, pursuant to Federal Rule of Bankruptcy Procedure 8001(a). In the proceedings below, the bankruptcy court granted the debtor's motion to extend the time period in which it had the exclusive right to file a reorganization plan pursuant to Section 1121(d) of the Bankruptcy Code, 11 U.S.C. § 1121(d), by Order dated March 6, 1990. Appellant now appeals the bankruptcy court's order. For the reasons stated below, the Court dismisses the present appeal for lack of jurisdiction.

## FACTS

The debtor, RCN II, filed a Chapter 11 voluntary bankruptcy petition on October 5, 1989. Prior to commencement of the bankruptcy proceedings, the debtor filed a civil action in the Western District of Michigan against Joseph A. Rosin for a money judgment and foreclosure of his interest in five nursing homes purchased under land contracts. *See RCN Anlagenivestitio v. Rosin*, No. 4:88–CV–363 (W.D.Mich. filed Dec. 2, 1988). The civil action was tried before Honorable Douglas W. Hillman on December 11, 12, and 13, 1989. Post-trial briefs were due on February 20, 1990. The parties have filed their reply briefs, and the matter is currently under advisement.

■ On January 31, 1990, the debtor filed a motion to extend the 120–day and 180–day time periods in which it has the exclusive right to file a reorganization plan pursuant to Section 1121 of the bankruptcy code. Section 1121 provides in pertinent part:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

> (1) a trustee has been appointed under this chapter;

> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121(b), (c). However, Section 1121(d), which provides for an extension of the time in which the debtor may exclusively file a plan, provides that:

> On request of a party in interest made within the respective period specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180–day period referred to in this section.

11 U.S.C. § 1121(d). Thus, under Section 1121(d), the bankruptcy court is required to conduct a hearing to determine whether, in its discretion,[1] there is cause to extend the exclusivity period. *See Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297–300 (W.D. Tenn.1987).

A show cause hearing was held before the bankruptcy court on February 26, 1990, at which the debtor and creditors were allowed to present their arguments for and against an extension of time. The bankruptcy court, after hearing the parties' arguments and considering the proofs, found that good cause existed warranting an extension of the exclusivity period. Thus, the bankruptcy court granted the debtor the exclusive right to file a plan until June 1, 1990, and extended the 180–day solicitation period to obtain confirmation of the plan to August 1, 1990. In reaching its decision, the bankruptcy court noted that the proceedings in the United States District Court civil action had been through a three-day trial in December 1989 and that the district court had taken the matter under advisement. The bankruptcy court believed that it was reasonable to await the district court's decision so the debtor would know what assets it owned before it filed a plan and thus would be better able to propose a feasible plan. Further, the court found that an extension would not be harmful to creditors since substantial equity existed.

On appeal, Rosin argues that the bankruptcy court erroneously concluded that the debtor had met its burden of establishing good cause. Further, instead of allowing the debtor to have an extended time to exclusively file a plan of reorganization, Rosin believes that the bankruptcy court should review his proposed plan, "Land Contract Vendee's Plan of Reorganization," filed on February 9, 1990.

## APPLICABLE LAW AND ANALYSIS

■ Although neither party has raised the issue, the Court notes that a question exists regarding whether the Court has jurisdiction over this appeal. Under Title 28 United States Code Section 158, the district court has "jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings [under Chapter 11]." 28 U.S.C. § 158(a). The is-

---

1. In reviewing the bankruptcy court's decision to grant a request to extend the exclusivity period, the Court will not overturn such an order absent an abuse of discretion by the lower court judge in order to provide for maximum flexibility in reorganization proceedings. *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y.1989); *In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr.D.N.H. 1988).

sue raised is whether an order granting an extension of the exclusivity period under Section 1121 is a final order and, if not, whether leave of court should be granted.

A final judgment or order generally "ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir.1986) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). "The order sought to be appealed 'must constitute final determination of the rights of the parties to secure the relief they seek in this suit.'" *Vause v. Capital Poly Bag, Inc. (In re Vause)*, 886 F.2d 794, 797 (6th Cir.1989) (quoting *Texas Extrusion Corp. v. Lockheed Corp. (In re Texan Extrusion Corp.)*, 844 F.2d 1142, 1155 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988)). However, "final order" is defined more broadly in bankruptcy actions than in ordinary civil actions. *See Bowers v. Connecticut National Bank*, 847 F.2d 1019, 1022 (2d Cir.1988); *Midland Mutual Life Insurance Co. v. Sellers*, 101 B.R. 921, 926–27 (S.D.Ohio 1989); *Anderson v. DuVoisin (In re Southern Industrial Banking Corp.)*, 70 B.R. 196, 199 (E.D.Tenn.1986). Thus, in bankruptcy actions, courts may consider whether the order "conclusively determines a separable dispute over a creditor's claim or priority." *In re Saco Local Development Corp.*, 711 F.2d 441, 446–47 (1st Cir.1983).

Although some district courts have entertained appeals of orders extending the exclusivity period under Section 1121(d) without discussing whether such an order is final for Section 158 purposes, *see, e.g., Gaines v. Perkins (In re Perkins)*, 71 B.R. 294 (W.D.Tenn.1987), courts which have addressed the issue have found that such an order is not final and appealable. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 408 (E.D.N.Y.1989) (limiting holding to initial extension request); *First American Bank of New York v. Century Glove, Inc.*, 64 B.R. 958 (D.Del.1986) (second extension request). As the court in *Gibson & Cushman Dredging* noted, an order extending the exclusivity period:

> merely extends the time in which the debtor may file a plan. It does not accept the plan nor foreclose the right of any party to contest that plan. Thus, such an order does not finally dispose of an estate's assets nor does it finally and irrevocably decide the rights of any party to the bankruptcy.

*Gibson & Cushman Dredging*, 101 B.R. at 408. The Court agrees with this reasoning and concludes that the order extending the debtor's exclusivity period is not a final order, thus appeal is not available as a right.

■ Since the Court has determined that grant of an extension of the exclusivity period is not a final order, it must next determine whether an interlocutory appeal is appropriate. *See Gibson & Cushman Dredging*, 101 B.R. at 408 (Rule 8003 authorizes court to treat notice of appeal as motion for leave to appeal). The decision whether to grant leave to appeal is left to the discretion of the Court. *Southern Industrial Banking*, 70 B.R. at 200.

■ Section 158(a) and the bankruptcy rules do not specify the standards applicable for analyzing interlocutory appeals, thus the district courts use standards applicable to certification of appeals from district courts to courts of appeal under Section 1292(b); that is, whether the issue involves a controlling issue of law, whether there is substantial ground for difference of opinion on that issue of law, and whether an immediate appeal from the order will materially advance the ultimate termination of the litigation. *See Southern Industrial Banking*, 70 B.R. at 201; *Robinson v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 45 B.R. 833, 835 (S.D.N.Y. 1984).

The Court does not believe that the present appeal concerns a controlling issue of law. Furthermore, it does not appear that an immediate appeal will materially advance the ultimate termination of the litigation. The bankruptcy court found that the extension was warranted based on the facts and circumstances of the case

**464**

after a hearing on the merits and after considering appropriate facts and considering the relevant case law. As the bankruptcy court noted, the debtor's financial position would not be depleted or deteriorated by a delay. Further, this is the first extension in a four-month-old case; there is no evidence that an extension was sought as a delay tactic or to prolong the reorganization for impermissible purposes. Finally, the results of the three-day trial which is presently under advisement may expedite the reorganization.

The Court concludes that although this issue may be raised on appeal from a final judgment of the bankruptcy court, an interlocutory appeal is not appropriate in this case. Accordingly, the present appeal is dismissed for lack of jurisdiction.