In re David W. MURRAY, d/b/a Erin Realty Co., d/b/a Second Leasing Co., d/b/a Charming Fare Country Club, d/b/a Leased Restaurant Equipment Co.

Civ. A. No. 89–2466–C.

United States District Court,
D. Massachusetts.

June 29, 1990.

Donald Farrell, Jr., Looney & Grossman, Boston, Mass., for creditors.

Virginia Greiman, Boston, Mass., U.S. Trustee.

Harold Murphy, Joan Feeney, Hanify & King, Boston, Mass., for debtor.

## MEMORANDUM

CAFFREY, Senior District Judge.

■ This case is before the Court on appeal from the United States Bankruptcy Court. On April 6, 1989, the creditors of David W. Murray, the debtor, filed an involuntary petition initiating this bankruptcy case. On September 6, 1989, Murray moved to extend the time period in which he had the exclusive right to file a reorganization plan under Chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. § 1121(d). On September 7, 1989, the bankruptcy court denied the motion, and Murray now appeals the bankruptcy court order. For the reasons stated below, this appeal must be dismissed for lack of jurisdiction.[1]

---

1. The Court reaches this conclusion despite the lack of any opposition to the merits of Murray's appeal. The certificate of appeal was first filed in this Court on October 31, 1989, and, in accordance with an order of this Court, Murray filed his appellant's brief on December 1, 1989. No party has filed a brief in opposition or appeared in any capacity opposing Murray's appeal. On March 30, 1990, this Court heard brief oral argument from Murray's counsel, and again no one appeared to oppose Murray's appeal. Despite this lack of opposition, this Court is obligated to examine *sua sponte* whether proper appellate jurisdiction exists in this case. *See In re Spillane*, 884 F.2d 642, 644 (1st Cir. 1989); *In re Vause*, 886 F.2d 794, 797 (6th Cir. 1989).

## I.

The Bankruptcy Code specifically identifies the parties who may file a plan for reorganization under Chapter 11. 11 U.S.C. § 1121. Generally, the debtor may file a plan for reorganization "at any time in a voluntary or involuntary case." 11 U.S.C. § 1121(a). The debtor also has the exclusive right to file a reorganization plan for 120 days after the bankruptcy petition is accepted. 11 U.S.C. § 1121(b). After the passage of 120 days, "any party in interest, including the debtor, the trustee, a creditors' committee" or other parties may file a reorganization plan provided that a trustee has been appointed, the debtor has not already filed a plan, or the debtor's plan has not been accepted within 180 days. 11 U.S.C. § 1121(c).

The Bankruptcy Code provides that the debtor's exclusive right to file a reorganization plan may be extended beyond the initial 120–day period. Section 1121(d) states in pertinent part:

On request of a party in interest ... and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180–day period referred to in this section.

11 U.S.C. § 1121(d). Thus, after notice and a hearing, the bankruptcy court has the discretion to allow extensions or reductions of the exclusivity period upon a finding of cause.

In this case, the debtor Murray moved for an extension of the exclusivity period, and, without a hearing, the bankruptcy court denied the motion. On appeal, Murray essentially makes two arguments for reversal: first, that the bankruptcy court should have held a hearing on Murray's motion to extend time, and, second, that the bankruptcy court abused its discretion in not finding cause to extend the exclusivity period. These issues, however, cannot be considered at this time unless this Court has proper jurisdiction to hear this appeal.

## II.

A federal district court "shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges...." 28 U.S.C. § 158(a). Under this provision, final orders may be appealed as matter of right, but interlocutory orders may only be appealed by leave of the district court. *Id.* Thus, in this case, the Court is presented with two jurisdictional issues: whether the order denying an extension of the exclusivity period under section 1121(d) is a final order, and, if not, whether this Court should grant leave for the debtor to file this appeal. This Court shall discuss each issue in turn.

### A. Finality of Bankruptcy Court Order

In bankruptcy proceedings, the finality of an order has a more flexible interpretation than in ordinary civil cases. *In re American Colonial Broadcasting Corp.,* 758 F.2d 794, 781 (1st Cir.1985); *In re Saco Local Development Corp.,* 711 F.2d 441, 444–46 (1st Cir.1983). *See also In re Chateaugay Corp.,* 880 F.2d 1509, 1511 (2d Cir.1989); *In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir.1987). In an ordinary civil case, a final order "ends the litigation and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). *See also In re Saco,* 711 F.2d at 443–444. In a bankruptcy proceeding, however, orders "may be immediately appealable if they finally dispose of *discrete disputes within the larger case.*" *In re Saco,* 711 F.2d at 444 (emphasis in original). This more flexible rule concerning finality is applied in bankruptcy cases because otherwise individual claims would be delayed without advancing the entire bankruptcy proceeding. *See In re Chateaugay,* 880 F.2d at 1511; *In re Johns–Manville,* 824 F.2d at 180.

█ Despite this relaxed rule, final orders in bankruptcy must "conclusively determine[ ] a separable dispute over a creditor's claim or priority." *In re Saco,* 711 F.2d at 445–46. *See In re El San Juan Hotel,* 809 F.2d 151, 153 (1st Cir.1987) (quoting same language); *In re Johns–Manville,* 824 F.2d at 179 (same). General-

ly, a final order in bankruptcy must directly affect the disposition of an estate's assets, determine the outcome of an individual proceeding, or irrevocably decide a dispositive issue of law or the rights of a party. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 408 (E.D.N.Y.1989) (citing *In re Leibinger–Roberts, Inc.*, 92 B.R. 570, 572–73 (E.D.N.Y.1988)). Applying these principles, district courts have held that orders extending the exclusivity period for debtor's to file a plan under section 1121(d) are not final orders for the purpose of appeal. *In re RCN Anlagenivestitionen Frodsgesellschaft II —Kommanditgesellschaft*, 118 B.R. 460, 463 (W.D.Mich.1990) [hereinafter *In Re: RCN II*]; *In re Gibson*, 101 B.R. at 408; *First American Bank of New York v. Century Glove, Inc.*, 64 B.R. 958, 960 (D.Del.1986).[2]

In light of these standards, the denial of Murray's motion to extend time under 1121(d) is not a final order appealable as a matter of right. The denial of the motion to extend time merely allows other parties in interest to put forward a reorganization plan. The denial does not bar the debtor from filing a plan at any future date. *See* 11 U.S.C. § 1121(a) (a debtor may file a plan "at any time" in an involuntary case). The denial of the motion to extend time does not accept a plan nor does it foreclose the right of any party to contest a plan. The denial of the motion to extend time merely allows the litigation to progress forward and consequently cannot be considered a final order.

In sum, the denial does not directly affect the disposition of any assets of the estate, nor does it ultimately determine any individual proceeding or dispositive issues in this bankruptcy case. Having decided that the denial of a motion to extend time under section 1121(d) is not a final order, this Court must next consider whether to grant the debtor Murray leave to file an interlocutory appeal.

### B. Leave to File an Interlocutory Appeal

■ The decision to grant leave for an interlocutory appeal from bankruptcy court lies within the discretion of the district court. 28 U.S.C. § 158(a). *See In re RCN II*, 118 B.R. 460, 463. As such, Bankruptcy Rule 8001(b) requires that an appellant present a motion for leave to file an interlocutory appeal. Bankr. R. 8001(b). Where no such motion is filed, however, Bankruptcy Rule 8003 allows a court to treat a notice of appeal as a motion for leave to appeal. *See In re RCN II*, 118 B.R. at 463; *In re Leibinger–Roberts, Inc.*, 92 B.R. 570, 573 (E.D.N.Y.1988). Since no motion for leave was filed in this case, this Court shall consider Murray's notice of appeal as a motion for leave to appeal pursuant to Bankruptcy Rule 8003.

The statutes and rules governing interlocutory appeals from bankruptcy court provide no standards for evaluating the merits of such requests for appellate review. 28 U.S.C. § 158(a); Bankr. R. 8001, 8003. *See also id.* Courts, however, have generally applied the standards applicable for certifying appeals from district courts to courts of appeals under 28 U.S.C. 1292(b). *See In re RCN II*, 118 B.R. at 463; *In re Gibson*, 101 B.R. at 408; *In re Leibinger*, 92 B.R. at 573. Under section 1292(b), leave to appeal is proper when the order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b).

■ In this case, the denial of a motion to extend time under 11 U.S.C. § 1121(d)

---

**2.** This Court recognizes that other district courts have reviewed orders to extend time under section 1121(d) where the question of appealability was not raised or discussed. *See, e.g., In re Washington–St. Tammany Electric Cooperative, Inc.*, 97 B.R. 852 (E.D.La.1989); *In re Perkins*, 71 B.R. 294 (W.D.Tenn.1987). This Court notes, however, that every district court to consider the question of appealability has held that orders extending time under section 1121(d) are not final orders which are appealable as a matter of right. *In re RCN II*, 118 B.R. at 463; *In re Gibson*, 101 B.R. at 408; *First American Bank*, 64 B.R. at 960.

does not present appropriate circumstances for granting an interlocutory appeal. The denial does not involve a substantive question of law applicable to the core proceeding or any adversary proceeding. The denial does not raise any substantial ground for disagreement as to the bankruptcy court ruling.[3] Furthermore, allowing the appeal at this time threatens to delay the bankruptcy proceeding by not allowing other interested parties to file a plan. Finally, Murray may raise all his arguments made here at an appropriate time following a final order by the bankruptcy court.

In sum, for all the reasons stated above, this Court does not have jurisdiction to hear this appeal and should not grant leave to hear this appeal at this time. Therefore, the appeal should be dismissed without prejudice.

Order accordingly.

---

**3.** This Court notes that, in reviewing the bankruptcy court decision, the denial to extend time would not be overturned absent an abuse of discretion. *In re RCN II,* 1990 U.S.Dist. LEXIS at 7146 n. 1; *In re Gibson,* 101 B.R. at 409.

Further, the lack of hearing does not appear to violate 11 U.S.C. § 1121(d) where the bankruptcy court declined to exercise its discretion to either extend or reduce the exclusivity periods. *See* 11 U.S.C. § 1121(d).