Affirmed and Memorandum Opinion filed March 11, 2004









Affirmed and Memorandum Opinion filed March 11, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-96-00336-CV

____________

 

LEO ROGER
DUGAS,
Appellant

 

V.

 

LANCE W.
DREYER, Appellee

 

 



On Appeal from the 344th District Court 

Chambers County, Texas

Trial Court Cause No. 15162

 



M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment
finding Claron Corporation holds a greater right to possession of a gas
compressor than Leo Roger Dugas.  In
twelve points of error, Dugas challenges the trial court=s
findings.  We affirm.




Background

In 1989, Lance W. Dreyer bought a
gas compressor on behalf of United Texas Corporation, also known as Clamont
Energy.  The compressor was placed on an
oil and gas lease named the 18-19D lease, which was owned by United Texas.  A few years later, Clamont Energy declared
bankruptcy.  Stuart Collins was appointed
the bankruptcy trustee.  As trustee, Collins
attempted to sell items to Dugas and Dugas=s
relatives without the consent of the bankruptcy court.  The United States Trustee=s Office
filed criminal charges against Collins and ordered him removed as trustee.  Collins pleaded guilty to one of the charges
against him and fled the country.  At the
time of trial, Collins remained a fugitive. 
One of the items Collins attempted to sell to Dugas was the gas
compressor at issue here.

After Collins=s
removal, Jason Searcy was appointed bankruptcy trustee.  On January 10, 1993, Searcy filed an
original complaint on behalf of Clamont Energy in the United States Bankruptcy
Court for the Eastern District of Texas. 
Searcy converted the Chapter 11 bankruptcy to a Chapter 7 liquidation
and filed an adversary proceeding against several people to recover assets of
the bankruptcy estate.  Dreyer, Dugas,
and two of Dugas=s
corporations were defendants in that adversary proceeding.  On November 22, 1993, Dugas filed a complaint
in justice court in Chambers County alleging he had a greater right to possess
the gas compressor.  On January 6, 1994,
Dreyer filed a bankruptcy plea in abatement contending the justice court lacked
jurisdiction due to the pending bankruptcy. 
On January 11, 1994, trial was set in justice court for 10:00
a.m.  Dreyer received permission from the
clerk of the justice court to appear at 11:00 a.m.  Trial was held at 10:00 a.m. and because
Dreyer did not appear, the justice court awarded Dugas possession of the gas
compressor.  








On January 29, 1994, Dreyer filed
a petition for writ of certiorari in the county court seeking to appeal the
decision of the justice court.  In the
meantime, the parties settled the bankruptcy adversary proceeding and, on
February 23, 1994, as part of the settlement agreement, the assets from the
adversary proceeding were assigned to Claron. 
On the same day, the settlement agreement was approved by the bankruptcy
judge and a final judgment was entered. 
Appellant did not appeal the judgment. 
One of the assets assigned to Claron was the gas compressor.  On March 21, 1994, the county court issued
writ of certiorari in favor of Dreyer because the justice court was without
jurisdiction due to the pending plea in abatement, and Dreyer=s failure
to appear was the result of actions of court personnel.  On January 12, 1996, after a bench trial, the
district court[1]
issued a judgment giving greater right of possession of the gas compressor to
Claron Corporation and imposing sanctions against Dugas.  Dugas appeals that judgment.

Res Judicata

In nine of his twelve issues,
appellant challenges the trial court=s ruling
on possession of the gas compressor. 
Appellee contends, however, that because the bankruptcy court=s
judgment awarding the compressor to Claron was final, that judgment acts to bar
any further decision on the issue of the compressor.  

Trial by Consent

Initially, we acknowledge that
appellees did not plead res judicata in the trial court.  Generally, res judicata must be pleaded or it
is waived.  Tex. R. Civ. P. 67. 
However, when issues not raised by the pleadings are tried by express or
implied consent of the parties, they shall be treated in all respects as if
they had been raised in the pleadings.  Id;
Born v. Virginia City Dance Hall & Saloon, 857 S.W.2d 951, 956 (Tex.
App.CHouston
[14th Dist.] 1993, writ denied).  Trial
by consent is intended to cover the exceptional case where it clearly appears
from the record as a whole that the parties tried the unpleaded issue.  Mastin v. Mastin, 70 S.W.3d 148, 154
(Tex. App.CSan Antonio 2001, no pet.).  To determine whether the issue was tried by
consent, the court must examine the record not for evidence of the issue, but
rather for evidence of trial of the issue. 
Id.  








Here, appellee=s defense
was res judicata.  Appellee introduced
the bankruptcy court=s
judgment as proof of its ownership of the compressor.  The county court, when it issued writ of
certiorari, found that the justice court was without authority because of the
pending bankruptcy.  The district court,
in its judgment, found that Claron was entitled to possession of the compressor
due to the sale ordered by the bankruptcy court in its February 23, 1994
judgment.  Based on the record as a
whole, we conclude the issue of res judicata was tried by implied consent.  

Federal Res Judicata

Because we are determining the
res judicata effect of a bankruptcy court order, the federal law of res
judicata applies.  Eagle Properties
Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex. 1990).  For a prior judgment to bar an action based
on res judicata the following requirements must be shown:  (1) the parties must be identical in both
suits; (2) the prior judgment must have been rendered by a court of competent
jurisdiction; (3) there must have been a final judgment on the merits and (4)
the same cause of action must be involved in both cases.  Southmark Properties v. Charles House
Corp., 742 F.2d 862, 869 (5th Cir. 1984).  Res judicata applies to bankruptcy court
orders even if the order does not close the bankrupt=s estate
or dispose of any claim.  Matter of
Baudoin, 981 F.2d 736, 742 (5th Cir. 1993). 


The record reflects that
appellant was named as a party in the adversary proceeding in the bankruptcy
court.  Dugas was named as a party in the
motion to approve the settlement agreement and in the order approving the
agreement.  The bankruptcy court=s
decision was never appealed and therefore became final as to the issue of
possession of the compressor.  See In
re Murray, 116 B.R. 6, 7 (Bankr. Mass. 1990).  Further, we conclude the same cause of action
was involved in both suits.  The
adversary proceeding was filed in bankruptcy court to recover assets, including
the gas compressor, that were improperly sold by Stuart Collins.  Appellant filed suit in justice court to
recover possession of the gas compressor sold to him by Stuart Collins.  Res judicata barred relitigation of Dugas=s claim
to recover the compressor.








Res judicata also bars claims
that could and should have been brought in the earlier litigation.  D-I Enters. Inc. v. Commercial State Bank,
864 F.2d 36, 38 (5th Cir. 1989).  Here,
not only could the dispute over the gas compressor be brought in the earlier
litigation, it actually was litigated in the adversary proceeding.  We conclude appellees established appellant=s cause
of action is barred by res judicata. 
Issues one through six, nine, eleven, and twelve are overruled.

Sanctions

In issues seven, eight, and ten,
appellant challenges the trial court=s
assessment of sanctions.  Sanctioning
counsel is not a judgment on the merits, but requires the determination of a
collateral issue, i.e., whether the attorney or party has abused the judicial
process and, if so, what sanction would be appropriate.  Id. 
A pro se litigant is held to the same standards as licensed attorneys
and must comply with applicable laws and rules of procedure.  See Holt v. F.F. Enters., 990 S.W.2d
756, 759 (Tex. App.CAmarillo
1998, no pet.).  If pro se litigants were
not required to comply with applicable rules of procedure, they would be given
an unfair advantage over those represented by counsel.  Greenstreet v. Heiskell, 940 S.W.2d
831, 835 (Tex. App.CAmarillo
1997, no writ).  

In issue seven, appellant
contends the trial court erred in stating that Claron had expended money to
prosecute the writ because Dreyer was the named defendant, and in awarding
attorney=s fees to
Claron.  To preserve a complaint for
appellate review, a party must present to the trial court a timely motion
stating the specific grounds therefor.  Tex. R. App. P. 33.1.  A motion for new trial is an appropriate
method of preserving error regarding an alleged defect in the final
judgment.  Luna v. Southern Pacific
Transp. Co., 724 S.W.2d 383, 384 (Tex. 1987).  Appellant filed no post-trial motions;
therefore, he has failed to preserve error with regard to the award of attorney=s
fees.  Appellant=s seventh
issue is overruled.








In issue ten, appellant contends
the trial court erred in awarding sanctions under Texas Rule of Civil Procedure
13 because the trial court did not hold a hearing on appellee=s motion
for sanctions.  Before sanctions may be
imposed, the trial court must hold an evidentiary hearing to make necessary
factual determinations about the motives and credibility of the person signing
the alleged groundless petition.  Bisby
v. Dow Chemical Co., 931 S.W.2d 18, 21 (Tex. App.CHouston
[1st Dist.] 1996, no writ).  

At the conclusion of appellee=s
evidence in the trial court, appellee=s
attorney sought to present evidence of his attorney=s fees
pursuant to his rule 13 motion. 
Appellant cross-examined appellee=s
attorney and specifically asked about the rule 13 motion.  Appellant did not request a hearing pursuant
to rule 13, nor did he object to the trial court=s failure
to hold a hearing.  Appellant filed no
post-trial motions.  By failing to object
to the trial court=s failure
to hold a hearing or file a post-trial motion complaining of the error,
appellant waived any error.  See
Appleton v. Appleton, 76 S.W.3d 78, 87 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  Appellant=s tenth
issue is overruled.

In issue eight, appellant
contends the trial court erred in finding Dugas=s claim
was wholly frivolous and without merit. 
The motion for sanctions alleged that appellant filed his action in
justice court after the bankruptcy court awarded the compressor to Claron in a
contested court proceeding.  The motion
alleged that appellant knew of the proceeding because he was a defendant in
that proceeding and was represented by counsel. 
The motion alleged Dugas, at the time of the justice court hearing, had
been served with Claron=s
bankruptcy plea in abatement.  The trial
court found that Dugas was a defendant in the bankruptcy proceeding and that
the compressor was an asset of the bankrupt estate.  The trial court further found that Dugas, at
the time he filed in justice court, was aware that Searcy had proposed a sale
to Claron and that the bankruptcy plan filed by Collins did not permit the sale
of any assets to Dugas or his company.








Rule 13 sanctions may be imposed
against an attorney or party who files a pleading that is groundless and
brought in bad faith or groundless and brought for the purpose of
harassment.  Schnexnider v. Scott
& White Memorial Hosp., 953 S.W.2d 439, 440 (Tex. App.CAustin
1997, no writ).  If a pleading, motion,
or other paper is signed in violation of Rule 13, the court, upon motion or
upon its own initiative, after notice and hearing, shall impose an appropriate
sanction.  Tex. R. Civ. P. 13. 
This court reviews a trial court=s rule 13
sanctions order under an abuse of discretion standard.  Randolph v. Walker, 29 S.W.3d 271, 276
(Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  The trial court=s
discretion is limited only by the requirement that its order be just and that
the sanctions imposed be directly related to the harm done by the sanctioned
conduct.  Bradt v. Sebek, 14
S.W.3d 756, 761 (Tex. App.CHouston
[1st Dist.] 2000, pet. denied).  A trial
court=s rule 13
sanction order must be upheld if any of the facts set forth by the court
support the sanctions.  Sebek, 14
S.W.3d at 764.  Here, the record supports
the facts found by the trial court. 
Therefore, the trial court did not abuse its discretion in assessing
sanctions.  Appellant=s eighth
issue is overruled.

The judgment of the trial court
is affirmed.

 

/s/        John S. Anderson

Justice

 

Judgment rendered and Memorandum Opinion filed March 11, 2004.

Panel consists of Justices Yates, Anderson, and Hudson.

 

 











[1]  On June 8,
1994, the case was administratively transferred from the county court to the
district court.